8239

EASTERLING v. ATLANTIC COAST LINE R. R. CO.

1. RAILROADS—CROSSING SIGNALS.—THE ALLEGATIONS that a deceased was struck by a locomotive "while crossing a public crossing and traveled place" by the negligence and wilfulness of the defendant in "failing and omitting to give any signal by ringing the bell or sounding the whistle or in any other way whatsoever of the approach of said locomotive and train of cars to said public crossing or traveled place," although indefinite, brings the action under section 2132 of Code of 1902, requiring railroads to give signals at crossings, in absence of motion to make definite.

2. IBID. — IBID. — NEGLIGENCE — WANTONNESS — CONTRIBUTORY NEGLI-GENCE.—There being positive evidence that the signals were not given on approaching the crossing, the issue of recklessness and wantonness was properly sent to the jury, to which contributory negligence is not a defense.

3. ISSUES—NEGLIGENCE.—Nor was the evidence susceptible of the only inference that deceased was guilty of gross or wilful negligence so as to defeat recovery under section 2139 of Code of 1902.

Before MEMMINGER, J., Dorchester, April term, 1911. Affirmed.

Action by Ann C. Easterling, Admr. of J. B. Easterling, against the Atlantic Coast Line R. R. Co. and E. A. Boone. Defendants appeal.

*Messrs. Mordecai & Gadsden, Rutledge & Hagood* and *Legare Walker,* for appellants, cite: *Under the allegations the case falls within the rule stated in* 65 S. C. 214. *Where plaintiff's evidence discloses a case of contributory negligence nonsuit should be granted:* 34 S. C. 444; 58 S. C. 491; 78 S. C. 374. *One approaching a crossing should use due care:* 63 S. C. 404; 76 S. C. 368; 67 S. C. 367.

*Messrs. Logan & Grace,* contra, cite: *The cause of action is good both at common law and under the statute:* 33 Cyc. 1059; 84 S. C. 140. *Intestate not guilty of any negligence:* 78 S. C. 374. *One acting under sudden peril is not guilty of contributory negligence:* 78 S. C. 383.

July 1, 1912. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. The exceptions raise only two questions:

1. Was this action brought under section 2132, volume I, Code 1902?

2. Did the Court err in refusing to direct the verdict for defendants?

Section 2132, so far as applicable to this case, reads: "A bell of at least thirty pounds weight and a steam whistle shall be placed on each locomotive engine, and such bell shall be rung, or such whistle sounded, by the engineer or fireman, at a distance of at least five hundred yards from the place where the railroad crosses any public highway or street or traveled place, and be kept ring-

ing or whistling until the engine has crossed such highway or street or traveled place; * * * "

The complaint charges, in paragraph 4, that Easterling "was crossing a public crossing and traveled place," when he was struck and killed by an engine and train of cars operated by the defendant railroad company. In paragraph 5 it is alleged that his death was caused by the negligence, recklessness and wantonness of the defendants· in "failing and omitting to give any signal, by ringing the bell or sounding the whistle, or in any other way whatsoever of the approach of said locomotive and train of cars to said public crossing or traveled place."

These allegations are clearly sufficient to bring the case under the statute. The answer of defendants and the course of the trial clearly show that defendants were fully apprised of the fact that plaintiff intended to rely upon the statute. But if the allegations were so indefinite as to leave the matter in doubt, their remedy was by motion to make the complaint more definite and certain. *Lee* v. *R. Co.,* 84 S. C. 140.

There was abundant testimony to carry the case to the jury and to sustain the verdict. There was positive testimony that the crossing signals were not given. This was sufficient to compel submission to the jury of the issue of recklessness and wantonness (*Mack* v. *Ry.,* 52 S. C. 323, 29 S. E. 905; *Osteen* v. *Ry.,* 76 S. C. 368, 57 S. E. 196), and, therefore, to prevent a nonsuit or the direction of a verdict on the ground that the only reasonable inference to be drawn from the testimony was that intestate was guilty of contributory negligence because that is no defense to a reckless or wanton injury. Nor can it be said that the only inference to be drawn from the testimony is that intestate was "guilty of gross or wilful negligence, or was acting in violation of the law, and that such gross or wilful negligence or unlawful

act contributed to the injury," so as to defeat a recovery under the provision of section 2139, Code 1902.

Affirmed.

MESSRS. JUSTICES WATTS *and* FRASER *did not participate.*