HARRY E. ROBBINS, SR., v. SYBIL S. ROBBINS.

(Filed 10 November, 1948.)

**1. Habeas Corpus § 3—**

Habeas corpus to determine the right to the custody of a child applies only when the issue arises between husband and wife who are living in a state of separation without being divorced. G.S. 17-39.

**2. Same: Divorce § 17—**

A decree awarding the custody of a child under the provisions of G.S. 17-39 does not oust the jurisdiction of the court to hear and determine a motion in the cause for the custody of the child in a subsequent divorce action between the parties. G.S. 50-13.

APPEAL by defendant from Harris, J., June Term, 1948, of WAKE Affirmed.

Motion in the cause in the above entitled divorce action for the determination of the custody of the child of the marriage.

Defendant moved to dismiss the motion on the ground that the Superior Court of Wake County was without jurisdiction in the premises, for that before the divorce action was begun a proceeding to determine the custody of the child under G.S. 17-39 had been instituted in Craven County by writ of habeas corpus, and the court there had made orders and acquired and retained jurisdiction of the matter.

Defendant's motion and plea to the jurisdiction were overruled, and defendant excepted and appealed.

E. D. Flowers for plaintiff, appellee.
Charles L. Abernethy, Jr., for defendant, appellant.

DEVIN, J.   Defendant's plea raised the question of the jurisdiction of the Superior Court of Wake County to determine the custody of the child of divorced parents on motion in the action in which the divorce judgment had been rendered.  The power of the judge, before or after judgment in a divorce action wherein it is alleged there are children, to make orders respecting their custody, is expressly conferred by the statute G.S. 50-13.

The defendant, however, contends that jurisdiction as to the custody of the child in this case had already been acquired by the Superior Court in Craven County under the provisions of G.S. 17-39, pursuant to writ of *habeas corpus* issued by the judge thereof, and that the subsequent proceedings in· Wake should not be held to supersede the jurisdiction previously acquired in Craven, and hence that the court in Wake was without jurisdiction to entertain plaintiff's motion.  But it will be noted that the issuance of a writ of *habeas corpus* under G.S. 17-39 as a vehicle for determining the custody of a child applies only when the issue arises between "husband and wife who are living in a state of separation without being divorced."  *In re Ogden,* 211 N. C. 100, *189 S. E. 119.*  It would seem to follow that when that *status* has ceased to exist as result of a divorce action and decree wherein the husband and wife and child were before the court, the jurisdiction of the court in which the divorce action was heard is not divested by the proceeding permitted only where undivorced husband and wife were living separate and apart.  The reason for the grant of power by statute to the court to proceed under G.S. 17-39 by writ of *habeas corpus* to determine custody ceased when the *status* thus defined ceased.  In the divorce action, as authorized by G.S. 50-13, ample forum is afforded for determining all matters of custody, care and maintenance of a child whose existence is called to the attention of the court in the pleadings, and where in such action jurisdiction to determine custody is invoked by motion in the cause, the motion may not be dismissed on the ground that a proceeding under G.S. 17-39 had previously been instituted.  No question of venue was raised in the divorce action. The defendant appeared and filed answer in that cause.

The question here presented was decided against the defendant's contention in *In re Blake,* 184 N. C. 278, 114 S. E. 294; *In re Albertson,* 205 N. C. 742, 172 S. E. 44.  The rule stated in *Childs v. Martin,* 69 N. C. 126, and *Haywood v. Haywood,* 79 N. C. 42, that, where two courts have equal and concurrent jurisdiction, the court in which jurisdiction first attaches should retain the cause, is not applicable here.  "Jurisdiction of the court in which a divorce is granted to award the custody of a child is exclusive and continuing."  *In re Blake, supra.*

The ruling of Judge Harris in the Superior Court of Wake, in overruling defendant's motion to dismiss for want of jurisdiction is

Affirmed.