W. CARLTON SWICEGOOD v. PEGGY LOVING SWICEGOOD.

(Filed 3 May, 1967.)

**1. Habeas Corpus § 3;   Divorce and Alimony § 22—**

A judgment awarding the custody of a child under the provisions. of G.S. 17-39 does not oust the jurisdiction of the court to hear and determine a motion in the cause for custody of the child in ,a subsequent divorce action between the parties, and the court entering· the divorce decree has exclusive jurisdiction to enter such order respecting the care and custody of the child as may be proper. G.S. 50-13.

**2. Divorce and Alimony § 23—**

The welfare of the child is always the paramount consideration in determining the right to the child's custody, and while the· courts are reluctant to deny either parent all visitation rights, visitation· rights should not be permitted to jeopardize the child's welfare.

**3. Same—**

The court, after entering a decree' of divorce, directed that the custody of the child of the marriage should remain· in the father in· accordance with a prior decree entered under G.S. 17-39, with visitation rights to the mother. *Held:* The court· in the divorce action had jurisdiction to award the custody of the child unaffected by the prior order under G.S. 17-39, and it was error for the court granting the decree of divorce to award the custody of the child without findings of fact from which it could be determined that the order was adequately supported by competent evidence and was for the best interest of the child.

APPEAL by plaintiff from *Shaw, J.,* 10 October 1966 Civil Session of DAVIDSON.

W. Carlton Swicegood filed with the court a petition verified by him. on.-19 July 1965 stating in substance: He is a resident of Davidson County, North Carolina. The petitioner and the respondent, Peggy Ann Swicegood, were married 9· July 1960, and to· this marriage was born one child, Shelia Diane Swicegood, age two and one-half years. On the morning of 17 July 1965, at about 2 .a.m., the' respondent left the home of petitioner without· cause and without advising petitioner where she was going or when ,she would. be back.

Petitioner found her about 4 a.m. They have not lived together since that time. Prior thereto the respondent has shown interest from time to time in Benny Robertson, a cousin of the respondent, and others. For the last several months while petitioner was working, respondent stayed at home during the time he was away only a small part of the time. Petitioner at the present time has the custody of their minor daughter, but the respondent continues to molest petitioner and their daughter. Petitioner is a fit and suitable person to have the custody of said minor child. Petitioner prays the court, pursuant to the provisions of G.S. 50-13, to compel respondent to desist from interference with his custody of their daughter, and that the custody of their daughter be awarded to him.

Peggy Ann Swicegood filed an answer to the petition stating in substance: The residence of the parties, their marriage, and the birth of a minor daughter, Shelia Diane Swicegood, are admitted. The other allegations of the petition are denied. It is alleged that petitioner gave their daughter to the respondent on 19 July 1965, and that their daughter has been with her and under her care and control since then. She is a fit and suitable person to have the custody of their minor daughter. Wherefore, the respondent prays that the court award to her the permanent custody of their minor daughter, and that the court enter an order requiring petitioner to provide adequate support for their child.

In the record before us there is a judgment entered by Walter E. Crissman, Judge presiding, on 14 October 1965. This judgment recites, "Under order dated July 30, 1965, the defendant was granted the care, custody and control of Shelia Diane Swicegood, except the plaintiff was to have the care, custody and control of Sheila Diane Swicegood from 9 o'clock a.m. on Saturday until 5 o'clock p.m. on Sunday." A summary of the rest of this judgment is as follows: The above entitled special proceeding came on again to be heard respecting the custody of Shelia Diane Swicegood. It appeared to the court that notice of this hearing was served upon the defendant, Peggy Ann Swicegood, on 7 October 1965. It further appeared to the court that the respondent failed to appear pursuant to said notice, and Hubert E. Olive, Jr., formerly attorney for the respondent, advised the court that he no longer represented the defendant, but that he had talked with her concerning the same on 13 October 1965. It further appeared to the court that since 30 July 1965 there has been a material change in the facts concerning the conduct of respondent Peggy Ann Swicegood, and the court being of the opinion from affidavits presented on 13 October 1965 that Shelia Diane Swicegood should not be in the custody of respondent, the

court found as a fact that W. Carlton Swicegood is a fit, competent and capable person to have the care and control of Shelia Diane Swicegood, and that it would be for the best interest and welfare of Shelia Diane Swicegood to be in the care and custody of her father. It was, therefore, decreed and ordered that W. Carlton Swicegood be granted the exclusive custody of their said minor daughter.

By a complaint verified on 23 July 1966, W. Carlton Swicegood filed a complaint in the Superior Court of Davidson County praying for an absolute divorce from his wife, who is called in this complaint Peggy Loving Swicegood, on the ground of continuously living separate and apart for one year. The complaint recites that one child was born of the marriage, Shelia Diane Swicegood, who is now three and one-half years old, and who is in the custody of plaintiff. He prays that he be given an absolute divorce, and that he be granted the custody of Shelia Diane Swicegood.

The defendant filed an answer admitting the material allegations of the complaint, and for a further answer and defense she alleges in substance: Plaintiff has refused to allow the defendant to see or visit with Shelia Diane Swicegood since October 1965. Plaintiff and his father live together in Davidson County, and there is no woman in the house. Shelia Diane Swicegood is cared for by relatives of her father. Defendant is a fit and suitable person to have the care and custody of her daughter. Wherefore, she prays that she be granted the custody of her daughter, and that plaintiff be required to support said child. Her answer was signed by Hubert E. Olive, Jr., as her attorney. The divorce action was tried by Shaw, Judge presiding at the 19 September 1966 Civil Session of Davidson County. A judgment was entered granting the plaintiff an absolute divorce from the defendant. This judgment was signed on 23 September 1966.

On 13 October 1966, Shaw, Judge presiding, entered an order which is summarized as follows: The cause came on to be heard upon motion by defendant to determine the custody of Shelia Diane Swicegood. The court found as a fact that the court had theretofore awarded to W. Carlton Swicegood the custody of Shelia Diane Swicegood, and that the court had adjudged that the parties be granted an absolute divorce from each other, and it further appearing to the court that the custody of Shelia Diane Swicegood shall remain in her father, and that visiting privileges should be granted to the child's mother, it was ordered and decreed that the mother shall have the said Shelia Diane Swicegood with her from

10 a.m. until 6 p.m. every other Saturday beginning 15 October 1966.

Plaintiff excepted to the signing of this order and appeals.

*Wilson and Beeker by Ned A. Beeker for plaintiff appellant.*
*No counsel for defendant appellee.*

PER CURIAM. We have before us two addenda to the record. The first addendum is a petition of W. Carlton Swicegood verified by him on 19 July 1965, seeking the custody of his two and one-half year old daughter, Shelia Diane Swicegood, born of the marriage between him and respondent, and seeking an order requiring respondent to desist from interference with the custody of the said child. This petition states that it is brought pursuant to the provisions of G.S. 50-13, which is in error, because it was brought under the provisions of G.S. 17-39, as set forth in the order of Judge Crissman entered at the 30 July 1965 Session of the Superior Court of Davidson County, which appears in the second addendum to the record. The order dated 30 July 1965 and the judgment dated 14 October 1965 of Judge Crissman and the order of Judge Shaw dated 13 October 1966 in respect to the custody of Shelia Diane Swicegood were entered in the Superior Court of Davidson County, although in different cases.

G.S. 50-13 reads:

"After the filing of a complaint in any action for divorce, whether from the bonds of matrimony or from bed and board, both before and after final judgment therein, it is lawful for the judge of the court in which such application is or was pending to make such orders respecting the care, custody, tuition and maintenance of the minor children of the marriage as may be proper, and from time to time to modify or vacate such orders, and may commit their custody and tuition to the father or mother, as may be thought best; or the court may commit the custody and tuition of such infant children, in the first place, to one parent for a limited time, and after the expiration of that time, then to the other parent; and so alternately. . . ."

A judgment awarding the custody of a child under the provisions of G.S. 17-39 does not oust the jurisdiction of the court to hear and determine a motion in the cause for the custody of the children or a child in a subsequent divorce action between the

parties. *Robbins v. Robbins,* 229 N.C. 430, 50 S.E. 2d 183; *Wedding-ton v. Weddington,* 243 N.C. 702, 92 S.E. 2d 71.

When plaintiff obtained an absolute divorce in the case heard by Judge Shaw, Judge Shaw after final judgment therein had exclusive jurisdiction by the specific terms of G.S. 50-13 to make such orders respecting the care and custody of Shelia Diane Swicegood as may be proper. *Coggins v. Coggins,* 260 N.C. 765, 133 S.E. 2d 700; *Story v. Story,* 221 N.C. 114, 19 S.E. 2d 136; 3 Lee, N. C. Family Law, 3d Ed., § 222, p. 9. Professor Lee, *ibid,* p. 10, states: "A decree awarding the custody of a child in a *habeas corpus* proceeding does not oust the court of jurisdiction to hear and determine the custody of the child in a subsequent divorce proceeding under G.S. 50-13."

While the welfare of a child is always to be treated as the paramount consideration, the courts recognize that wide discretionary power is necessarily vested in the trial courts in reaching decisions in particular cases. *Griffin v. Griffin,* 237 N.C. 404, 75 S.E. 133; 2 Strong's N. C. Index, Divorce and Alimony, § 24. We have frequently stated that the findings of the court in regard to the custody of children are conclusive when supported by competent evidence. 2 Strong's Index, *ibid.* Judge Shaw in his order dated 13 October 1966 found two facts, to wit, that the court has heretofore awarded to W. Carlton Swicegood the custody of the said Shelia Diane Swicegood and that the court has granted the parties an absolute divorce. Without finding any additional facts, Judge Shaw entered an order that the custody of the said Shelia Diane Swicegood shall remain with her father and that visiting privileges shall be granted to the child's mother, Peggy Loving Swicegood, from 10 a.m. until 6 p.m. every other Saturday beginning 15 October 1966. Courts are generally reluctant to deny all visitation rights to the divorced parent of a child of tender age, but it is generally agreed that visitation rights should not be permitted to jeopardize a child's welfare. Annot. 88 A.L.R. 2d 148, §§ 3(d) and 6. Judge Shaw's order is fatally defective in that he has entered an order awarding the custody of Shelia Diane Swicegood to the father and visitation rights to the mother without any detailed findings of fact from which we can determine that his order is adequately supported by competent evidence, and is for the best welfare of Shelia Diane Swicegood. Judge Crissman's order and judgment in respect to the custody of Shelia Diane Swicegood did not oust the court of jurisdiction to hear and determine the custody of this child in the action in which the parties were subsequently divorced. Judge Shaw's order is vacated, and the case is remanded to the Superior Court of Davidson County

for detailed findings of fact by the judge of that court in the divorce action between the parties which was instituted and granted in the Superior Court of Davidson County, as to what is best for the welfare of this child, and for such orders as may be proper.

Error and remanded.