SUZANNE SIMMONS SAVAGE v. WILLIAM McDONALD SAVAGE

No. 726DC117

(Filed 28 June 1972)

1. Divorce and Alimony § 24— custody order — sufficiency of findings
    Trial court's findings were sufficient to support the award of custody of minor children to their mother.

2. Divorce and Alimony § 24— child custody — indiscretion of the mother
    A finding that plaintiff mother had been guilty of an indiscretion did not deprive the trial judge of his discretion in determining what arrangements would best promote the interest and welfare of the minor children of the parties.

APPEAL by defendant from *Gay, Judge,* 26 August 1971 Session of District Court held in HALIFAX County.

This is a civil action for absolute divorce heard to determine the custody of Roderick Brooks Savage, age 6 years, and William Matthew Savage, age 4 years, born of the marriage union between the plaintiff and defendant.

Subsequent to the entry of the judgment of divorce on 13 April 1971 the Court entered an order with the consent of the parties that the matter of the custody of the children be held in abeyance until the Department of Social Services of Mecklenburg and Halifax Counties could make an investigation of the homes and living conditions of the plaintiff and the defendant

"for the purpose of enlightening the Court at sometime on or about August 15, 1971, as to what custodial arrangement would best promote the interest and welfare of said minor children."

After a hearing the Court made the following pertinent findings:

"That plaintiff mother admitted that for several months in 1969 she committed adultery on several occasions with one man; * * *

That while the children are living with the mother in Charlotte the younger child will be in the Church Day School where plaintiff mother will be teaching while the older child is enrolled in the public elementary schools in Charlotte; that the hours of employment of the plaintiff mother will permit her to take said older child to and from school so that it will not be necessary that a maid or baby-sitter be employed at any time.

That according to several witnesses including neighbors and mothers of good character, the relationship between the children and their mother has been and is excellent and the court finds this to be a fact.

That defendant father's job as a pharmacist and his other interest outside the home keeps him away from home until 9:30 or 10 p.m. almost daily, thus leaving the care and control of the children with a maid and aging parents of defendant father.

That defendant father has been and will continue to be away from home a great deal in pursuit of his outside interest in sports and other civic matters, and that he has shown much immaturity and lack of financial stability by giving of many worthless checks and forging the name of his wife and brother-in-law to notes at banks and other lending institutions.

* * *

That neither defendant father, his parents, nor their maid testified as to the type home and supervision and living arrangement that would be afforded for the children if they were in the custody of the father, nor did defendant offer any evidence that plaintiff mother had ever been neglectful of the children, except her admission that for a period of time, she had had an affair with one man."

The Court made the following conclusions:

"1. That this matter is properly before the undersigned judge, this court having jurisdiction of the parties and causes.

2. That plaintiff mother is a fit and suitable person to have primary custody, care and control of the two minor children with the defendant father having reasonable visitation rights.

3. That plaintiff mother has been a good mother to her children, attentive to their health and needs, and taken them to Sunday School regularly, and has not been neglectful of their care.

4. That the best interest and welfare of the minor children will be served by placing them in the primary custody and control of their mother and by giving the father partial custody and visitation rights."

From an order entered on 3 September 1971 awarding custody of the children to the plaintiff with visitation privileges to the defendant, the defendant appealed.

*W. Lunsford Crew for plaintiff appellee.*

*Blackwell M. Brogden, H. Vinson Bridgers, C. D. Clark, Jr., for defendant appellant.*

HEDRICK, Judge.

The one assignment of error brought forward and argued in defendant's brief, based on an exception to the order appealed from, challenges the Court's action in awarding the custody of the children to the plaintiff. The one question thus presented is whether the Court made sufficient findings to support its order and whether error of law appears on the face of the record. *Cox v. Cox,* 246 N.C. 528, 98 S.E. 2d 879 (1957); *Stancil v. Stancil,* 255 N.C. 507, 121 S.E. 2d 882 (1961); *Prince v. Prince,* 7 N.C. App. 638, 173 S.E. 2d 567 (1970).

[1, 2] The legal principles regarding child custody were succinctly stated by Judge Britt in *In Re Moore,* 8 N.C. App. 251, 174 S.E. 2d 135 (1970) as follows:

"1. The welfare of the child in controversies involving custody is the polar star by which the courts must be guided

Savage v. Savage

in awarding custody. *Chriscoe v. Chriscoe,* 268 N.C. 554, 151 S.E. 2d 33 (1966).

2. While the welfare of a child is always to be treated as the paramount consideration, the courts recognize that wide discretionary power is necessarily vested in the trial courts in reaching decisions in particular cases. *Swicegood v. Swicegood,* 270 N.C. 278, 154 S.E. 2d 324 (1967).

3. The decision to award custody of a child is vested in the discretion of the trial judge who has the opportunity to see the parties in person and to hear the witnesses, and his decision ought not be upset on appeal absent a clear showing of abuse of discretion. *In Re Custody of Pitts,* 2 N.C. App. 211, 162 S.E. 2d 524 (1968).

4. The findings of the trial court in regard to the custody of a child are conclusive when supported by competent evidence. *Swicegood v. Swicegood, supra.*

5. When the trial court fails to find facts so that the appellate court can determine that the order is adequately supported by competent evidence and the welfare of the child subserved, then the order entered thereon must be vacated and the case remanded for detailed findings of fact. *Crosby v. Crosby,* 272 N.C. 235, 158 S.E. 2d 77 (1967)."

We think the trial judge made sufficient findings and conclusions to support the order appealed from, and the findings show clearly why His Honor felt that the interest and welfare of the children would be promoted by awarding their primary custody to the plaintiff. The finding that the plaintiff had been guilty of an indiscretion did not deprive the trial judge of his discretion in determining what arrangements would promote their interest and welfare. *In Re McCraw Children,* 3 N.C. App. 390, 165 S.E. 2d 1 (1969). There is nothing in this record to indicate that the judge abused his discretion, nor does error appear on the face of the record. The order appealed from is

Affirmed.

Judges BRITT and PARKER concur.