IN THE MATTER OF: THE CUSTODY OF VANNESSA BRANCH AND JESSIE MONTINE BRANCH, MINORS

No. 7216DC725

(Filed 25 October 1972)

1. **Infants § 9; Parent and Child § 6— custody of children awarded to father — no request for custody by father**

   The trial court was fully authorized to award custody of two children to their father, although he had filed no pleading asking for their custody, where the father was named a respondent in the case, appeared at the hearing in person and through counsel, and was subject to the orders of the court. G.S. 50-13.2(a).

2. **Infants § 9— findings of fact — changed conditions — findings supported by evidence**

   In an action to determine the custody of two children there was plenary evidence to support the findings of fact and conclusions of law that there had been considerable change of conditions from the time the custody of the children was awarded to the maternal grandparents until this action was brought by the paternal grandparents to obtain custody.

In re Branch

APPEAL by respondents Frank Nix and Montine Nix from order of *Gardner, District Judge,* entered on 28 April 1972 in ROBESON District Court.

This is a civil action to determine custody of two minor children. On 6 January 1972 Jessie Branch Smith (Mrs. Smith), paternal grandmother of Vannessa Branch, age 12, and Jessie Montine Branch, age 5, filed petition for writ of habeas corpus asking that she be awarded custody of said children. The father of the children, Claude Earl Branch, and their maternal grandparents, Frank Nix and Montine Nix (Mr. and Mrs. Nix), were made respondents. The mother of the children died in April 1968.

Mr. and Mrs. Nix filed answer to the petition and a counterclaim asking that custody of the children be awarded to them.

Following hearings on 18 February 1972 and 24 March 1972 at which time petitioner and respondents appeared in person and with counsel, the court entered an order summarized in pertinent part as follows: The children were born in Georgia and immediately following the death of their mother, Mr. and Mrs. Nix took them into their home in Atlanta where the children lived until 3 January 1972 when their father brought them from Atlanta to his and his mother's home in Robeson County, North Carolina. On 29 May 1968 an order was entered in the Superior Court of Fulton County, Georgia, denying custody of the children to their father and awarding permanent custody to Mr. and Mrs. Nix. Since 3 January 1972 the children have resided with their father in the home of Mrs. Smith and her husband in Robeson County. The children are the only children living in their father's home; while living with Mr. and Mrs. Nix they shared a small home with three children of Mr. and Mrs. Nix, two of the Nix children being boys, ages 16 and 14. Mrs. Nix works five days per week and the Nix home was crowded with the two Branch children sharing a room on occasion with an older Nix girl and the younger Nix boy. Mrs. Smith does not work away from her home and is able to give full time supervision to the Branch children while they are living in her home. Vannessa Branch became very unhappy in the Nix home and called her father and Mrs. Smith on the telephone on numerous occasions asking them to let her and her sister live with them. There is a close relationship between the

Branch children and it is in their best interest that they not be separated from each other. The children are happy living with their father in the home of Mrs. Smith.

The court concluded that it had jurisdiction of the children, that there had been considerable change of conditions between the time the custody order was entered in Georgia and the hearings in this action in Robeson County; that it would be for the best interest of the Branch children to place their custody with their father while he resides in the home of his mother.

From an order awarding custody of the children to the father so long as he resides in the home of Mrs. Smith, subject to modification on changed circumstances, respondents Nix appealed.

*John C. B. Regan III for appellants.*

*McLean, Stacy, Henry & McLean by William S. McLean for respondent Claude Earl Branch, appellee.*

BRITT, Judge.

[1] Appellants contend that the court erred in awarding custody of the children to their father when he had filed no motion or petition and had not indicated that he was seeking custody. This contention is without merit.

Petitioner, the paternal grandmother of the Branch children, had standing to institute this action. "Any parent, relative, or other person, agency, organization or institution claiming the right to custody of a minor child may institute an action or proceeding for the custody of such child . . . . " G.S. 50-13.1. Following the institution of an action or proceeding pursuant to G.S. 50-13.1, the court is authorized to award the custody of the child "to such person, agency, organization or institution as will, in the opinion of the judge, best promote the interest and welfare of the child." G.S. 50-13.2(a).

In awarding custody to a person who is not a party to the action or proceeding, it would be proper and advisable for that person to be made a party to the action or proceeding to the end that such party would be subject to orders of the court. We have held, however, that this may be done even after judgment and by the appellate court when the case is appealed.

See *Brandon v. Brandon,* 10 N.C. App. 457, 179 S.E. 2d 177 (1971). In the case at bar the father was a respondent, appeared at the hearing in person and through counsel, and is subject to orders of the court. We hold that the court was fully authorized to award him custody of the children although he had filed no pleading asking for their custody. G.S. 50-13.2(a).

[2]  Appellants contend that there was not sufficient evidence presented to support the findings of fact and conclusions of law that there had been considerable change of conditions justifying the awarding of custody to the father. We disagree with this contention. We hold that the evidence was plenary to support the findings of fact and conclusions of law.

We have carefully considered the other contentions argued in appellants' brief but find them to be without merit.

The order appealed from is

Affirmed.

Chief Judge MALLARD and Judge BROCK concur.