ANN D. PENDERGRAFT v. ROBERT L. PENDERGRAFT, SR.

No. 7421DC707

(Filed 16 October 1974)

1. **Appeal and Error § 42— evidence omitted from record on appeal — presumption of sufficiency**

    Evidence presented at a child custody and support hearing not brought forward in the record on appeal will be presumed sufficient to support the findings of fact.

2. **Divorce and Alimony § 24— adulterous parent — right to custody**

    A parent who commits adultery does not by this fact alone become unfit to have custody of children.

3. **Divorce and Alimony §§ 23, 24— child support and custody — sufficiency of factual finding**

    Findings of fact by the trial court that plaintiff devoted attention to the needs of her children, that occasional overnight visits of a man not her husband were not injurious to the children, that plaintiff had had surgery and could not assume full-time employment, that plaintiff's income was small, irregular and insufficient to provide adequately for the children, and that defendant was healthy and gain-

fully employed as a truck driver with an income in excess of $14,000 in 1973 were sufficient to support the trial court's conclusion that plaintiff was a fit and proper person to have custody of the children and to support the court's award of child support.

4. **Divorce and Alimony § 23— child support and custody — award of counsel fees proper**

The trial court in this child custody and support case properly allowed counsel fees as authorized by G.S. 50-13.6 where the facts found showed that plaintiff had insufficient means to defray the expense of suit and acted in good faith to secure adequate support for her children which defendant had refused to furnish.

APPEAL by defendant from *Clifford, Judge,* 11 April 1974 Session of District Court held in FORSYTH County.

Heard in Court of Appeals 29 August 1974.

This is an action brought by plaintiff-wife against defendant-husband for custody of minor children, support for the children, and attorney fees.

Under a separation agreement entered 23 March 1973, plaintiff received custody of four minor children and defendant agreed to pay plaintiff forty dollars per week for their support. Prior to the institution of this action, one of the minor children married and is emancipated.

Defendant filed answer in which he asked that he be awarded custody of the children because plaintiff was living in adultery with another man and was not a fit and proper person to have custody of her children.

Upon the hearing the court awarded custody of the children to plaintiff with reasonable visitation privileges to defendant "at such times as agreeable between the parties, provided defendant gives plaintiff twenty-four hours notice." Defendant was directed to pay $25.00 per week per child for support, provide medical and hospital insurance for the three children, and pay $350.00 as attorney fees.

Defendant appealed to this Court.

*Wilson and Morrow, by John F. Morrow, for plaintiff appellee.*

*Kennedy and Kennedy, by Annie Brown Kennedy, for defendant appellant.*

BALEY, Judge.

[1] The evidence presented at the hearing in the trial court is not brought forward in the record and will be presumed to be sufficient to support the findings of fact. *Carter v. Carter,* 232 N.C. 614, 61 S.E. 2d 711; *Christie v. Powell,* 15 N.C. App. 508, 190 S.E. 2d 367, *cert. denied,* 281 N.C. 756, 191 S.E. 2d 361. But defendant contends that the findings of fact are not sufficient to support the order of the court awarding custody of the children to the plaintiff, granting support for the children, and directing the payment of attorney fees.

"It is not necessary for the trial judge to make detailed findings of fact upon each item of evidence offered at trial. It is necessary, however, that he make the material findings of fact which resolve the issues raised. In each case the findings of fact must be sufficient to allow an appellate court to determine upon what facts the trial judge predicated his judgment." *Morgan v. Morgan,* 20 N.C. App. 641, 642, 202 S.E. 2d 356, 357.

[3] Here there are extensive findings of fact showing the attention devoted by plaintiff to the needs of her children which support the conclusion that she was a fit and proper person to have their custody. The presence of another man upon occasional overnight visits was not found to be injurious to the children, and, in fact, his financial assistance in helping to make house payments and provide other support enabled plaintiff to meet necessary expenses.

[2] The guiding principle to be used by the court in determining custody is the welfare of the children involved. *Stanback v. Stanback,* 270 N.C. 497, 155 S.E. 2d 221; 3 Strong, N. C. Index 2d, Divorce and Alimony, § 24. A parent who commits adultery does not by this fact alone become unfit to have custody of children. *Savage v. Savage,* 15 N.C. App. 123, 189 S.E. 2d 545, *cert. denied,* 281 N.C. 759, 191 S.E. 2d 356. The trial court has broad discretion in deciding individual cases of child custody. *Swicegood v. Swicegood,* 270 N.C. 278, 154 S.E. 2d 324. In this case the facts found fully support the award of custody.

[3] The court found that the itemized monthly expenses of plaintiff in connection with the support of the minor children amounted to approximately $700.00 per month. The $40.00 per week paid by defendant pursuant to the deed of separation was clearly not adequate to provide for the needs of the children. Plaintiff had been hospitalized for surgery during the separa-

tion period and was not physically able to assume full-time employment. Her income was small and irregular and insufficent to defray these expenses. Defendant was found to be a healthy, able-bodied man, gainfully employed as a truck driver with Branch Motor Lines earning in excess of $14,000.00 in 1973. These findings of fact provide a sufficient basis for the award of child support, and the amount is a matter for the determination of the trial judge reviewable only in case of abuse of discretion. *Coggins v. Coggins,* 260 N.C. 765, 133 S.E. 2d 700.

[4]   The allowance of counsel fees in actions for custody and support of minor children has been authorized by G.S. 50-13.6. The facts found in this case are ample to meet the requirements of that statute. They show that plaintiff had insufficient means to defray the expense of suit and acted in good faith to secure adequate support for her children which defendant had refused to furnish. The amount allowed as attorney fee was within the discretion of the court, and we find no abuse of that discretion.

Finally defendant contends that the order granting visitation privileges made agreement of both parties a prerequisite for permitting him to visit with his children and is, therefore, improper. There is nothing in the facts found which indicates that defendant by his conduct has forfeited any right of visitation, and it seems evident that the court has concluded that he should be allowed visitation privileges. The agreement of the parties relates to convenience of time and place rather than the visitation right itself and is an effort on the part of the court to give some latitude to the parties in affording access to the children without requiring specificity. It is not contemplated that such agreement would be withheld arbitrarily and without reasonable cause. If this occurs, a petition to the court would enable defendant to secure appropriate relief.

The findings of fact are full and comprehensive and support the judgment of the trial court.

Affirmed.

Judges BRITT and HEDRICK concur.