Tucker v. Tucker

MAMIE PAULINE PEGRAM TUCKER v. MELVIN CLARENCE TUCKER, JR.

No. 7418DC946

(Filed 19 February 1975)

1. **Divorce and Alimony § 24— child custody taken from mother and given to brother — sufficiency of evidence**

    Evidence was sufficient to support the findings and conclusions of the trial judge that plaintiff was unfit to have custody of her thirteen year old son and that the best interests of the minor would be served by awarding his custody to his older brother where such evidence tended to show that plaintiff was unable to discipline or control her son, that he would not remain in her home, that he had developed complete disrespect for her love and authority, that the older brother was willing and able to supply a stable homelife for the minor, and that the minor exhibited love and respect for his older brother and expressed a desire to live with him.

2. **Divorce and Alimony § 24— child custody —visitation rights to be determined by court**

    The trial court erred in vesting the determination of visitation rights in the parties to whom custody of the minor was awarded, since visitation rights, if any, should be determined and controlled by the court.

3. **Divorce and Alimony § 24— custody awarded to persons not parties to action**

    Cause is remanded with directions that the trial court issue the necessary notices and orders to make persons to whom custody of a minor was awarded parties to the action to the end that the court have effective jurisdiction over their persons.

    Judge CLARK dissenting.

APPEAL by plaintiff from *Alexander, Judge.* Judgment entered 7 August 1974 in District Court, GUILFORD County. Heard in the Court of Appeals 23 January 1975.

This action was instituted on 9 March 1973 seeking alimony without divorce, custody and support, and counsel fees. The parties were married 21 November 1943, and five children were born of the marriage. The parties have been living separate and apart since 9 March 1973. Of the five children born of the marriage, only Timmy Joe Tucker, born 8 December 1961, is subject to the custody jurisdiction of the court.

By order dated 20 August 1973 plaintiff was awarded exclusive custody of Timmy Joe Tucker, and defendant was required to make certain support payments. The controversy has been the subject of several hearings in District Court since entry of the original order. At the conclusion of each of the intervening hearings, an order was entered continuing custody of Timmy Joe Tucker in plaintiff. The matter was heard before Judge Alexander on 30 July 1974. At the conclusion of the 30 July 1974 hearing, Judge Alexander found that neither party "is presently fit to have the care and custody of the minor child." Judge Alexander also found that Clarence Michael Tucker (a married son of the parties) and his wife "are the most fit and capable persons to have the care and custody of Timmy Joe Tucker," and that it was "for the best interest of said minor to grant custody to Clarence Michael Tucker and wife." Thereafter, exclusive custody of Timmy Joe Tucker was vested in Clarence Michael Tucker and his wife.

Plaintiff appealed.

*Younce, Wall and Suggs, by Adam Younce and Peter F. Chastain, for plaintiff.*

*No appearance contra.*

BROCK, Chief Judge.

[1] Plaintiff assigns as error that there is not sufficient evidence to support the findings and conclusions of the trial judge that plaintiff is presently unfit to have custody of Timmy Joe Tucker and that the best interests of said minor will be served by awarding his custody to his older brother. We disagree. We think in this case the evidence supports the findings and the findings support the action taken by the trial judge.

"As a general rule at common law and under our own decisions, parents have the legal right to the custody of their children. (Citation omitted.) 'This right is not absolute, and it

Tucker v. Tucker

may be interfered with or denied but only for the most substantial and sufficient reasons, and is subject to judicial control only when the interests and welfare of the children clearly require it.' (Citations omitted.)" *Thomas v. Pickard,* 18 N.C. App. 1, 4, 195 S.E. 2d 339, 342 (1973).

At the time of entry of the original order in August 1973 awarding custody of the minor to plaintiff, there was nothing before the court to indicate that it would not be for best interest and welfare of the minor for plaintiff to have custody. At the present time there is nothing before the court to suggest that plaintiff is morally unfit to have custody of her son. But moral fitness is not the only consideration, and a finding of moral unfitness of a parent is not always a prerequisite to the court's denying custody to the parent.

Since the original custody order in August 1973, the circumstances and relationships of all the interested parties have deteriorated to the point that the facts now portray an unfortunate and pathetic situation. The father has continually disregarded the orders of the court and has been adjudged in contempt several times. The mother, admittedly, is unable to discipline or control her son. He will not remain in her home and has developed complete disrespect for her love and authority. Although it may be, as the mother contends, that the father has taught their son to disrespect, to disobey, and to do as he pleases, nevertheless the fact is clear that the mother is presently unable to exercise effective supervision and control over the actions and conduct of her son. These circumstances present to the court substantial and sufficient reasons for the court to take action, and present a situation where the best interests and welfare of the child clearly require removing custody of the child from his mother.

The older married brother of the minor, to whom custody was awarded by the order appealed from, has, along with his wife, exhibited admirable concern for the welfare of the minor, and is able and willing to supply a stable homelife for him. The minor has exhibited love and respect for his older brother and has expressed his desire and willingness to live with him. It appears to us that Judge Alexander exercised sound judicial discretion in resolving this difficult custody controversy.

[2, 3]  Although we affirm the basic resolution of the custody problem, we find error in two respects. First, the order leaves the question of visitation rights to be determined in the dis-

cretion of Clarence Michael Tucker and his wife, the persons to whom custody of the minor was awarded. The visitation rights, if any, should be determined and controlled by the court. *See In re Custody of Stancil,* 10 N.C. App. 545, 179 S.E. 2d 844 (1971). That portion of the order appealed from which vests the determination of visitation rights in the parties to whom custody of the minor was awarded is vacated, and the cause will be remanded for a determination by the court of such visitation rights as are appropriate. Second, the trial court awarded custody of the minor to persons who are not parties to this action. *See In re Custody of Branch,* 16 N.C. App. 413, 192 S.E. 2d 43 (1972). The cause will be remanded with directions that the trial court issue the necessary notices and orders to make Clarence Michael Tucker and his wife parties to this action to the end that the court has effective jurisdiction over their persons.

Affirmed in part.

Remanded with instructions.

Judge BRITT concurs.

Judge CLARK dissenting:

The trial court has taken a son, age 13, from the custody of his mother. Her legal right to custody of the son, though not absolute, may be denied only upon convincing proof that she is an unfit person or for some other substantial and sufficient reason. *James v. Pretlow,* 242 N.C. 102, 86 S.E. 2d 759 (1955) ; *Spence v. Durham,* 283 N.C. 671, 198 S.E. 2d 537 (1973) ; *In re Jones,* 14 N.C. App. 334, 188 S.E. 2d 580 (1972).

The order of the trial court is based on findings (1) that the plaintiff is an unfit person and (2) that Melvin Clarence Tucker, Jr., and wife are both fit and proper persons, and it is for his best interests to grant custody to them. These findings are based primarily on the written reports of two case workers for the Departments of Social Services, one in Guilford County and one in Rockingham County.

These reports were requested by and considered by the trial court. Assuming that the reports were received in evidence without objection and therefore admissible, I do not find the evidence contained therein either convincing or substantial. Since the evidence is not legally sufficient to support the order, I favor vacating and remanding the cause.