IN RE: CUSTODY OF JAMES HURLEY EDWARDS, III (MINOR)

No. 749DC1091

(Filed 7 May 1975)

1. **Infants § 9— custody of minor — mother unfit — sufficiency of findings**

Evidence was sufficient to support the trial court's finding that respondent wife was unable to fulfill the physical, emotional, spiritual and educational needs of her son where such evidence tended to show that respondent had carried on adulterous relationships, that she was working in a business in Hillsborough which prevented her from seeing her son except on rare occasions, and that on several occasions respondent and her son spent the night with respondent's business partner in his trailer.

2. **Infants § 9— custody of minor — award to person not party to action**

Where the trial court awarded custody of a child to one who was not a party to the action, the action is remanded with directions that the trial court issue the necessary notices and orders to make the third person a party to the action to the end that the court has effective jurisdiction over her person.

APPEAL by petitioner and respondent from *Peoples, Judge.* Judgment entered 4 October 1974 in District Court, FRANKLIN County. Heard in the Court of Appeals 12 March 1975.

Petitioner husband and respondent wife were married in 1966 and had one child, James Hurley (Jay) Edwards, III, who was born on 15 July 1967. On 18 March 1970 they separated pursuant to a separation agreement, and on 26 April 1971 they were divorced. Petitioner brought this proceeding to obtain custody of the child. Both parties presented extensive evidence at the trial of the case. Among the court's findings of fact were the following: The original separation agreement gave respondent custody of the child. At the time of the separation, respondent was having an adulterous affair with another man. In April 1971 respondent had another adulterous affair, this time with Bobby Elam. In that month she and the child went on a trip to California with Bobby Elam. After respondent returned from California, she began living with her mother, Louise Edwards, in Louisburg. At this time the separation agreement was modified to provide that petitioner would have custody of the child, but the parties further agreed that the child would continue living with respondent at Louise Edwards's home. The child continued to live at Louise Edwards's home until 18 January 1974. During this period, petitioner contributed little or nothing

In re Edwards

toward his son's support, showed little or no interest in him, and spent little or no time with him. Respondent did show interest in the child and supported him by her earnings, but she rarely saw him because of her employment. The child spent most of his time with his grandmother, Louise Edwards, and her maid. In April 1973 respondent and Robert Dugger purchased the franchise for a "Golden Skillet" restaurant in Hillsborough, and since that time they have been employed in operating the restaurant. In February 1974 respondent moved to Hillsborough to be nearer to her employment.

On 18 January 1974 petitioner took his son from Louise Edwards's home to his own home in Louisburg. The court found that this action was not in the child's best interest. Since 18 January 1974 the child has lived with petitioner, but he has visited Louise Edwards and respondent frequently. On several occasions respondent and her son have spent the night with Robert Dugger in his trailer. Robert Dugger is married and is separated from his wife.

The district court concluded: "1. That the past conduct respectively of the Petitioner and the Respondent indicate that neither the Petitioner nor the Respondent at this time is able to fulfill the physical, emotional, spiritual and education needs of said minor child and that, therefore, neither the Petitioner nor the Respondent is at this time entitled to primary custody of said minor child; 2. That the Respondent's mother, Louise Edwards, is able to fulfill the physical, emotional, spiritual and educational needs of said minor child and is a fit and proper person at this time to be awarded primary custody of said child; 3. That it would be in the best interest of said minor child at this time for his primary custody to be awarded to the Respondent's mother, Louise Edwards; 4. That the matter of custody of said minor child should be reviewed and re-examined during the month of June of 1975, unless good cause is shown prior to that time that such review and re-examination should occur sooner;" and awarded primary custody of the child to Louise Edwards with visitation privileges for each parent. Both the petitioner and the respondent appealed.

*No appearance for petitioner appellant-appellee.*

*Dalton Hartwell Loftin for respondent appellant.*

HEDRICK, Judge.

Although petitioner gave notice of appeal, he neither served on the respondent nor filed in this court a record on appeal, nor did he file a brief either as appellant or as appellee. Petitioner's appeal is dismissed.

[1] Respondent assigns as error that there is not sufficient evidence to support the findings and conclusions of the trial judge that respondent is presently unable to fulfill the physical, emotional, spiritual, and educational needs of her son and that the best interests of the child will be served by awarding his primary custody to Louise Edwards. She argues that the only evidence supporting the court's conclusion is that she committed adultery in 1970 and 1971. She cites *Pendergraft v. Pendergraft,* 23 N.C. App. 307, 208 S.E. 2d 887 (1974), and *Savage v. Savage,* 15 N.C. App. 123, 189 S.E. 2d 545 (1972), for the proposition that a parent does not become unfit to have custody of a child merely because he or she commits adultery.

It is true that under *Pendergraft, supra,* and *Savage, supra,* the district court is not required to deny a parent custody of a child whenever it finds that the parent has had an adulterous affair. However, the additional findings of the court with respect to the respondent's conduct up to and including the date of the hearing, including the findings with respect to her relation with her business partner, support the conclusion that the respondent is not presently able to fulfill the physical, emotional, spiritual, and educational needs of her son. A more critical conclusion, however, is that the best interests of the child will be served if his primary custody is awarded to the grandmother, Louise Edwards. The record is replete with evidence and findings that support this conclusion. It seems from the record that for all practical purposes the child has been in Louise Edwards's custody since the respondent returned from her trip to California with Bobby Elam. Indeed, it appears from the record that Louise Edwards at least shared custody of the child with the petitioner and the respondent all his life. Moreover, the record is replete with evidence and findings that Louise Edwards is a fit and proper person to have primary custody of the child. We think the trial judge exercised sound judicial discretion in resolving the matter by awarding the primary custody of the child to his grandmother, who has demonstrated not only her willingless but her ability to provide a good home for the child.

[2] While the court, upon proper findings and conclusions, can award the custody of a minor child to any person, agency, or institution as will best promote the interest and welfare of the child, G.S. 50-13.2(a), under the circumstances of this case, where the court awarded custody of the child to Louise Edwards who is not a party to the proceeding, we think the proceeding should be remanded with directions that the trial court issue the necessary notices and orders to make Louise Edwards a party to this action to the end that the court has effective jurisdiction over her person. *Tucker v. Tucker*, 24 N.C. App. 649, 211 S.E. 2d 825 (1975).

The result is: petitioner's appeal is dismissed; as to respondent's appeal, the order of the trial court is affirmed and the proceeding is remanded to the district court with directions.

Affirmed and remanded with directions.

Judges PARKER and CLARK concur.