IN RE T.P.

[217 N.C. App. 181 (2011)]

---

IN RE: T.P.

No. COA11-645

(Filed 15 November 2011)

**1. Child Abuse, Dependency, and Neglect—permanency planning hearing—findings—not supported by evidence**

The evidence at a permanency planning hearing for a neglected child did not support a finding that respondent-mother was in a mental health hospital.

**2. Child Abuse, Dependency, and Neglect—permanency planning hearing—findings—mother's circumstances—supported by evidence**

The evidence at a permanency planning hearing for a neglected child supported findings concerning respondent-mother's living arrangements, employment, and educational efforts. Further, respondent-mother did not provide evidence that she was seeing her therapist and taking her medication until the day of the hearing.

**3. Child Abuse, Dependency, and Neglect—permanency planning hearing—findings—father's circumstances—supported by evidence**

The evidence at a permanency planning hearing for a neglected child supported a finding regarding respondent-father's incarceration, living arrangements after his release, and lack of stable employment.

**4. Appeal and Error—preservation of issues—failure to object—permanency planning hearing—best interest of child standard**

Respondent mother's failure to object at trial waived appellate review of whether the trial court improperly applied the best interest standard in a permanency planning order for a neglected child.

**5. Child Abuse, Dependency, and Neglect—permanency planning hearing—best interest of child—supervised visitation with mother**

The trial court did not err in a permanency planning order for a neglected child by finding that it was in the child's best interest to have only supervised visitation with respondent mother, even though a return of custody was an option, or by not concluding that a permanent plan could have been achieved with the parents. There was still significant instability in respondent's life.

**6. Child Abuse, Dependency, and Neglect—permanency planning hearing—placement with relative—custody with relative for more than a year—different grandparents**

The trial court did not err in a permanency planning hearing for a neglected child by waiving further review hearings after placements with the child's grandparents where the child had remained with a relative (first maternal, then paternal grandparents) for more than a year.

Appeal by respondent from order entered 8 March 2011 by Judge William C. Tucker in Richmond County District Court. Heard in the Court of Appeals 31 October 2011.

*Deane, Williams & Deane, by Jason T. Deane, for petitioner-appellee, Richmond County Department of Social Services.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Tobias Rice Coleman, for guardian ad litem.*

*David A. Perez for respondent-appellant.*

**IN RE T.P.**

[217 N.C. App. 181 (2011)]

HUNTER, Robert C., Judge.

Respondent is the biological mother of T.P. ("Travis").[1] She appeals from the trial court's order granting legal and physical custody of Travis to his paternal grandparents. We affirm the order of the trial court.

On 16 September 2009, Richmond County Department of Social Services ("DSS") filed a juvenile petition alleging Travis was a neglected and dependent juvenile. The petition alleged respondent had difficulty providing Travis with a stable living environment. By order entered 16 November 2009, Travis was adjudicated dependent. Respondent retained legal custody of Travis on the condition that physical placement remain with the maternal grandparents. Respondent was ordered to comply with all activities and objectives of her case plan including obtaining stable housing, securing stable employment, and dealing with her mental health issues.

The trial court held a review hearing on 11 May 2010. At that time, respondent was not in compliance with her case plan. Also, due to the maternal grandmother's failing health, the trial court ordered DSS to complete a safety assessment and home study of Travis' paternal grandparents. Travis began living with his paternal grandparents on 12 June 2010.

The trial court held a permanency planning hearing on 17 August 2010. The trial court found respondent had not demonstrated or produced evidence that she could maintain consistency in housing, financial stability, or compliance with her mental health treatment. The trial court relieved DSS from efforts to reunite respondent and Travis. The permanent plan for Travis was relative placement, custody, and guardianship.

The matter came on for review on 22 February 2011. By order entered 8 March 2011, the trial court granted legal and physical custody of Travis to the paternal grandparents. The trial court also waived further review hearings pursuant to N.C. Gen. Stat. § 7B-906. Respondent appeals.

Respondent argues the trial court erred in concluding that it was in Travis' best interest that his legal and physical custody be placed with his paternal grandparents as such conclusion is not supported by proper findings of fact. Moreover, respondent argues the trial

---

1. Travis is a pseudonym used for ease of reading and to protect the identity of the child.

**IN RE T.P.**

[217 N.C. App. 181 (2011)]

court's findings of fact are not supported by competent evidence. We disagree.

We review "whether there is competent evidence in the record to support the findings and [whether] the findings support the conclusions of law. If the trial court's findings of fact are supported by any competent evidence, they are conclusive on appeal." *In re J.C.S.*, 164 N.C. App. 96, 106, 595 S.E.2d 155, 161 (2004) (citations omitted).

Respondent argues the following findings of fact are not supported by competent evidence:

12. That at the March 23, 2010 review, the Respondent mother had left the boyfriend's residence and was at a mental health hospital for psychiatric treatment; that she did not have suitable housing, had not maintained her mental health treatment or medication, and was unemployed.

. . . .

21. That it is unlikely that the minor child will be returned to either parent within a reasonable period of time because of the parents' unemployment; the dependency by the Respondent parents on family members for their own subsistence, especially housing provided by the maternal grandparents, [J.P. and M.P.]; the resumption of the Respondent mother and father to living together and being engaged; the Respondent mother's sporadic and interrupted enrollment in a GED program; and despite admitted mental health issues, the Respondent mother's failure to be forthcoming with information about her treatment and medication until the date of this hearing.

. . . .

25. That the issues brought by the Department of Social Services through its Petition on the part of the Respondent mother still exist, to wit: her absence of stable employment; her long period of delay in addressing the mental health issues and receiving treatment and medication; the absence of stable housing; although it appears at this time to be stable, the financial arrangements incident to her home are not stable.

[1] First, we agree finding of fact 12 is not supported by competent evidence. The record shows that the 23 March 2010 hearing was actually continued because DSS and respondent's boyfriend had

"unconfirmed information" that respondent had checked herself into a hospital for mental health and psychiatric treatment.

**[2]** As for findings of fact 21 and 25, these findings are supported by evidence that shows respondent was living with respondent father who had been convicted of felony child abuse; respondent was unemployed or doing odd jobs; she relied on her family for housing and payment of the utilities; and she was not consistently enrolled in her GED program. Furthermore, respondent failed to provide evidence that she was seeing her therapist and taking her medications until the day of the 22 February 2011 hearing.

**[3]** The trial court also found:

> 26. That the issues brought by the Department of Social Services through its Petition on the part of the Respondent father still exist, to wit: absence of stable employment, absence of stable housing, and his inability to enter a Family Services Case Plan because of his long incarceration for felony child abuse.

Respondent argues this finding is erroneous. We disagree as this finding is supported by the social worker's testimony that she did not ask respondent father to enter into a case plan because he was incarcerated at the time the juvenile petition was filed; that respondent father left his grandparents' home to reside with respondent after being released from prison; and that respondent father did not have stable employment.

**[4]** Respondent also challenges the following findings of fact:

> 27. That the Respondent parents have acted inconsistently with their constitutionally protected status as parents through their lack of action in completing their Family Services Case Plans and, therefore, the Court is required to address the best interests of the minor child.

> 28. That the paternal grandparents, [V.P. and J.P.], are fit and proper relatives to have legal and physical custody of the minor child, [Travis], as demonstrated by the eight months of placement and significant progress the minor child has made socially and educationally.

> . . . .

> 30. That it is in the best interests of the minor child, [Travis], that his legal and physical custody be placed with his paternal grandparents, [V.P. and J.P.].

**IN RE T.P.**

[217 N.C. App. 181 (2011)]

Specifically, respondent argues the trial court could not apply a best interest standard absent respondent being deemed unfit or having acted in a manner inconsistent with her constitutionally protected parental status.

This Court has stated that, "to apply the best interest of the child test in a custody dispute between a parent and a nonparent, a trial court must find that the natural parent is unfit or that his or her conduct is inconsistent with a parent's constitutionally protected status." *In re B.G.*, 197 N.C. App. 570, 574, 677 S.E.2d 549, 552 (2009) (citing *Price v. Howard*, 346 N.C. 68, 79, 484 S.E.2d 528, 534 (1997)). However, "[c]onstitutional issues not raised and passed upon at trial will not be considered for the first time on appeal." *State v. Lloyd*, 354 N.C. 76, 86-87, 552 S.E.2d 596, 607 (2001). In this case, the trial court found respondent acted in a manner inconsistent with her protected status and that it was required to address the best interest of the child, and respondent did not raise an objection at trial. Consequently, respondent has waived review of this issue on appeal.

**[5]** Respondent further argues finding of fact 35 is erroneous because it was not in Travis' best interest for him to simply have supervised visitation with her when a return of custody to her was a viable option. Similarly, she attacks conclusion of law 6 arguing a permanent plan for Travis could have been achieved with respondent and respondent father within a reasonable period of time. We find respondent's arguments without merit as the evidence shows there still was significant instability in respondent's life.

**[6]** Lastly, respondent argues the trial court erred in waiving further review hearings pursuant to N.C. Gen. Stat. § 7B-906. The court may waive the holding of review hearings if the court finds by clear, cogent, and convincing evidence that:

(1) The juvenile has resided with a relative or has been in the custody of another suitable person for a period of at least one year;

(2) The placement is stable and continuation of the placement is in the juvenile's best interests;

(3) Neither the juvenile's best interests nor the rights of any party require that review hearings be held every six months;

(4) All parties are aware that the matter may be brought before the court for review at any time by the filing of a motion for review or on the court's own motion; and

(5)  The court order has designated the relative or other suitable person as the juvenile's permanent caretaker or guardian of the person.

N.C. Gen. Stat. § 7B-906(b) (2009). In this case, the trial court found:

32.  That the minor child has resided with a relative for a period exceeding one year; that this placement is stable, and continuation of the placement is in the minor child's best interests; that neither the minor child's best interests nor the rights of any party require that review hearings be held every six months; that all parties are aware that the matter may be brought before the Court for review at any time by the filing of a motion for review or on the Court's own motion; and the permanent plan for the minor child has been relative placement, custody, and guardianship since August of 2010.

Respondent contends, in entering this finding, the trial court appears to assert that the relative with whom the juvenile has resided for at least one year does not have to be one person or one placement, but can be two. Respondent contends the only logical interpretation of the criteria found in section 7B-906 is that the relative placement be with one relative or one relative family unit. We do not agree. From birth until June 2010 Travis resided with his maternal grandparents. Thereafter, Travis resided with his paternal grandparents. Thus, he has remained with a relative (maternal and paternal grandparents) for more than one year. The trial court made the requisite findings prior to waiving further review hearings. The order of the trial court is affirmed.

Affirmed.

Judges THIGPEN and McCULLOUGH concur.