DIETZ, Judge.
Barrett Baxley appeals the trial court's order awarding custody of his minor child to his ex-wife Jasmine Baxley and denying him all visitation rights. As explained below, the trial court's order was not an abuse of discretion. The trial court found numerous facts supporting its determination that visitation was inappropriate at this time because it would jeopardize the child's welfare. We therefore affirm the trial court's order.
Facts and Procedural History
Barrett and Jasmine Baxley married in 2014 and had a son, A.B.[1] , shortly after. They separated in November 2015, and Mr. Baxley sought an emergency custody order a few days later. The trial court awarded Mr. Baxley emergency ex parte custody based on various allegations, including that A.B. suffered from congestive heart failure, that Ms. Baxley failed to acknowledge A.B.'s heart condition, and that A.B. needed various life-saving medications and an oxygen tank that Ms. Baxley lacked access to. Later, after Ms. Baxley had the opportunity to dispute these allegations, the trial court awarded the parties temporary joint legal custody and split physical custody of A.B.
Mr. Baxley filed a motion to modify the temporary custody order on 26 January 2016 but he failed to attend the hearing on the motion. At that hearing, the court found that Mr. Baxley and his family had taken out nine private warrants for criminal charges against Ms. Baxley, none of which law enforcement sought and all of which were dismissed. Because Ms. Baxley was constantly getting arrested for these charges and because Mr. Baxley failed to produce A.B. for two scheduled visits, Ms. Baxley was unable to exercise her court-ordered visitation rights.
Based on these findings, the trial court modified the December 2015 temporary custody order, awarding Ms. Baxley exclusive temporary custody of A.B. and ordering that Mr. Baxley have no visitation or contact with A.B. However, Ms. Baxley did not receive physical custody of A.B. until sixteen days later, when she discovered A.B. was hidden at a family friend's house and had to enlist law enforcement's help to recover him. A.B. was in a neglected state, appearing unfed and soaking wet from being left alone in a dirty diaper.
On 5 August 2016, the trial court held another custody hearing, which Mr. Baxley also failed to attend. The court found that A.B. was receiving treatment for two heart conditions but, contrary to Mr. Baxley's allegations, A.B. neither suffered from congestive heart failure nor required an oxygen tank.
Additionally, Mr. Baxley frequently smoked in A.B.'s presence and generally failed to seek medical attention for A.B. while A.B. was in his custody, often missing important doctor's appointments. At one point, Mr. Baxley told Ms. Baxley that A.B. needed to have his legs broken because they were not growing properly. In November 2015, Mr. Baxley packed up Ms. Baxley's belongings and locked her out of their residence during a fight, keeping A.B. inside. Ms. Baxley had to call law enforcement to arrest Mr. Baxley and break into the house to retrieve A.B., who was found hidden behind some moving boxes.
The court also made findings about Mr. Baxley's behavior toward Ms. Baxley, including trouble controlling his temper; fights where he would back her into a corner or lock her out of the house while she was pregnant; and times when he posted private photos of her on social media, labelling her an escort. Finally, the court questioned Mr. Baxley's truthfulness and cooperation with the courts, and noted that he still had an outstanding order for his arrest.
Ultimately, the trial court entered an order awarding permanent custody of A.B. to Ms. Baxley and denying Mr. Baxley all visitation rights while dismissing all of his claims for failure to prosecute. Mr. Baxley timely appealed.
Analysis
We begin our analysis with Mr. Baxley's challenge to the denial of all his visitation rights. This review is constrained by the narrow standard of appellate review applicable here.
Trial courts have broad discretion to determine the appropriate disposition on questions of custody and visitation. Swicegood v. Swicegood, 270 N.C. 278, 282, 154 S.E.2d 324, 327 (1967). This Court reviews the trial court's rulings for abuse of discretion, and can reverse only if the lower court's ruling is "so arbitrary that it could not have been the result of a reasoned decision." White v. White, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).
Although courts disfavor denying parents all visitation rights, they may do so where allowing visitation jeopardizes the child's welfare. Swicegood, 270 N.C. at 282, 154 S.E.2d at 327 ; In re Custody of Stancil, 10 N.C. App. 545, 551, 179 S.E.2d 844, 849 (1971). When trial courts place "severe restrictions" on these rights, they must make "some finding of fact, supported by competent evidence in the record, warranting such restrictions." Johnson v. Johnson, 45 N.C. App. 644, 647, 263 S.E.2d 822, 824 (1980). We review the trial court's findings for competent evidence and, so long as those findings are supported by competent evidence in the record, they are conclusive on appeal. Swicegood, 270 N.C. at 282, 154 S.E.2d at 327.
Here, Mr. Baxley argues that denying him all visitation rights was too drastic, and that the trial court should have considered supervised visitation. As explained below, while we acknowledge that supervised visitation was one appropriate disposition in this case, under the narrow standard of review applicable on appeal, we hold that the trial court did not abuse its discretion by choosing to deny visitation.
The trial court found that Mr. Baxley engaged in various inappropriate actions indicating that visitation would jeopardize the child's welfare. For example, Mr. Baxley prevented A.B. from seeing his mother for long periods of time; issued multiple private arrest warrants against Ms. Baxley to prevent her from exercising her court-ordered visitation rights; and actively concealed A.B. from Ms. Baxley at least twice, each time requiring Ms. Baxley to call on law enforcement to recover A.B. from a state of neglect. Moreover, although Mr. Baxley alleged that A.B. suffered from various health problems while in Ms. Baxley's care-allegations the trial court found to be false-he smoked in A.B.'s presence, recommended having A.B.'s legs broken, and repeatedly failed to seek consistent healthcare for A.B.'s heart conditions.
These facts constitute competent evidence supporting the trial court's determination that visitation was not in the best interests of the child because visitation would jeopardize the child's welfare. In light of these findings, we cannot hold that the trial court's decision to deny visitation-although less drastic options were available-is so arbitrary that it cannot be the result of a reasoned decision. Accordingly, we hold that the trial court did not abuse its discretion in denying Mr. Baxley visitation rights.
Finally, Mr. Baxley asserts that the denial of visitation violates his constitutionally protected status as A.B.'s father. Mr. Baxley did not assert this constitutional argument in the trial court. It is well-settled that this Court will not address newly raised constitutional arguments that were not preserved in the trial court, and the Court has applied this rule to this particular constitutional claim. In re T.P., 217 N.C. App. 181, 186, 718 S.E.2d 716, 719 (2011). Accordingly, this issue is not preserved for appellate review.
Conclusion
We affirm the trial court's order denying Mr. Baxley's visitation rights.
AFFIRMED.
Report per Rule 30(e).
Judges ELMORE and INMAN concur.

We use initials to protect the identity of the minor child.