MARY FRANCES INGRAM ALMOND v. LARRY JOE ALMOND

No. 7820DC1035

(Filed 21 August 1979)

1. **Divorce and Alimony § 25.1; Infants § 6.5— mother as fit and proper custodian of children—illegal cohabitation in presence of children—award of custody to mother**

    Plaintiff mother's illegal cohabitation with a male person in the presence of her minor children did not prohibit the court from finding that she was a fit and proper person to have custody of her children, and the court properly awarded custody to the mother where the father had been given custody by a separation agreement; the parties gave considerable weight to the wishes of the children when they stipulated in the separation agreement that defendant should have custody; the relationship between the father and the children has deteriorated and is now poor; and the children, fourteen and ten years old, now prefer to reside with their mother.

2. **Injunctions § 4— injunction to restrain criminal conduct**

    The trial court properly denied defendant's plea to enjoin further criminal cohabitation between plaintiff mother and a male person in the presence of her minor children, since injunctive relief is not available to restrain the violation of a criminal statute where the remedy of a criminal prosecution is available.

APPEAL by defendant from *Honeycutt, Judge.* Order entered 8 August 1978 in District Court, STANLY County. Heard in the Court of Appeals 25 June 1979.

Plaintiff brought this action for custody of two minor children. Prior to this action defendant had custody of the children pursuant to a separation agreement entered into on 14 February 1978. On 26 May 1978, the minor son, Larry Joe Almond, Jr., decided to live with his mother. On the following day, the daughter, Mitzi Almond, also left to live with her mother.

The evidence tended to show a serious conflict between the minor son and the defendant. On one occasion the defendant chased the minor son with his truck, causing him to run approximately a half mile to the home of a family friend. On the day the minor son left defendant to go live with plaintiff, he did not wash the dishes and defendant punished him with his hands, fists and belt, causing bruises and welts on the child's upper body. Defendant had on occasion left his minor daughter with the eight-year-old daughter of his girlfriend, unsupervised and unattended for several hours at a mall in Charlotte. After the children went to live with their mother, defendant refused to allow them to get their clothes, personal belongings, toys, books and other recreational items, with the exception of four paper bags of clothing.

The plaintiff was cohabitating with a male person. She, the two children and the male friend all live in a three-bedroom mobile home.

After finding both plaintiff and defendant to be fit and proper persons to have custody of the two minor children, the trial court awarded plaintiff custody. The court concluded that there had been a substantial change of circumstances since the separation agreement and that in light of all the circumstances, the welfare and best interest of the children were served by granting custody to the mother. From the entry of this order, defendant appeals.

*Hopkins, Hudson & Tucker, by Elton S. Hudson, for plaintiff appellee.*

*Wesley B. Grant for defendant appellant.*

MARTIN (Harry C.), Judge.

Defendant argues three assignments of error on appeal. The first two assignments challenge the trial court's conclusions that plaintiff was a fit and proper person to have custody and that it was in the best interest of the minor children for them to be placed in plaintiff's custody. Defendant contends these findings were in error in light of plaintiff's open and continuous cohabitation with another male person.

"[T]he welfare of the infants themselves is the polar star by which the discretion of the courts is to be guided" in determining questions of their custody. *In re Lewis,* 88 N.C. 31, 34 (1883). The trial court has wide discretionary power in reaching decisions in particular cases. *Swicegood v. Swicegood,* 270 N.C. 278, 154 S.E. 2d 324 (1967). The decision must be made in light of all the circumstances of the case. *Harrington v. Harrington,* 286 N.C. 260, 210 S.E. 2d 190 (1974). The trial judge must make findings of fact adequately supported by competent evidence that the order entered is in the best interest and welfare of the children. *Crosby v. Crosby,* 272 N.C. 235, 158 S.E. 2d 77 (1967).

[1]   We now review the factors considered by the trial court in awarding custody to plaintiff. The foremost factor challenged by defendant is the cohabitation by plaintiff with a male person in the presence of the children. Although cohabitation by unmarried persons of the opposite sex is not condoned by this Court, nor by the laws of this state, evidence of cohabitation alone is not always sufficient to support a finding that a party is not a fit and proper person to have custody of minor children. "The establishment of adultery does not *eo instanti juris et de jure* render the guilty party unfit to have custody of minor children." *In re McCraw Children,* 3 N.C. App. 390, 395, 165 S.E. 2d 1, 5 (1969). Adulterous conduct is only one of numerous factors to be considered by the court in determining the fitness of a party.

Among other factors considered by the court was the evidence of the poor relationship between the father and the children as indicated in the above stated facts. Additionally, the court considered the wishes of the children that they preferred to reside with their mother, the plaintiff. "The wishes of a child of sufficient age to exercise discretion in choosing a custodian is entitled to considerable weight when the contest is between

parents, but is not controlling." *James v. Pretlow*, 242 N.C. 102, 105, 86 S.E. 2d 759, 761 (1955). Two factors in this case require that great weight be given the wishes of the children. First, from the evidence it appears the children, fourteen and ten years old, are of an age to exercise discretion in choosing a custodian. Secondly, it is evident that the parties gave considerable weight to the wishes of the children when they stipulated in the separation agreement that defendant should have custody of the children. The children lived with their father for approximately three months following the separation agreement. After the experience of living with their father, they then chose to live with their mother. At the time of the hearing they had been living with their mother for over two months and still indicated that it was their preference to reside with her. We find the court properly gave considerable weight to the wishes of the children in this case.

Where the trial court finds that both parties are fit and proper persons to have custody of the children and finds that it is in the best interest of the children that one particular parent have custody, such holding will be upheld if it is supported by competent evidence. *Hinkle v. Hinkle*, 266 N.C. 189, 146 S.E. 2d 73 (1966). In such case, the trial court has wide discretionary power. *Swicegood v. Swicegood, supra.* Where there are adverse circumstances affecting both parties that do not justify taking the children away from the parents, the court may rely upon the guidance of the old adage that it must choose the lesser of two evils. For the foregoing reasons, the order awarding plaintiff custody of the minor children is sustained.

[2] Defendant's third and final assignment of error challenges the trial court's denial of defendant's plea to enjoin further criminal cohabitation of plaintiff and the male person in the presence of the two minor children. The trial court judge properly denied defendant's plea for injunctive relief. The violation of a criminal statute does not invoke the equitable jurisdiction of the court. *Yandell v. American Legion*, 256 N.C. 691, 124 S.E. 2d 885 (1962). Injunctive relief is not available to restrain the violation of a criminal statute where the remedy of criminal prosecution affords relief. *Id.* In this assignment, we find no merit.

Affirmed.

Judges PARKER and ERWIN concur.