DOUGLAS R. SMITHWICK v. LAWRENCE FRAME AND WIFE, LORRAINE FRAME

No. 8211DC638

(Filed 7 June 1983)

1. **Infants § 6.5— child custody—criminal record and past conduct**

In plaintiff father's action seeking custody of his child from the maternal grandparents, evidence of plaintiff's criminal record and past conduct did not preclude the trial court from finding that the best interest of the child would be served by placing him in the custody of the plaintiff.

2. **Infants § 6.6— child custody—physical accommodations—sufficiency of evidence to support finding**

While there was no evidence that directly supported the trial court's finding of fact concerning the physical accommodations at the home of plaintiff's mother where plaintiff's child would spend part of his time upon the grant of custody of the child to plaintiff, there was sufficient evidentiary facts from which to infer the court's ultimate finding on this point.

3. **Infants § 6— child custody proceeding—court's comment that witness was lying**

The trial court's comment in a child custody proceeding that a witness was lying was not prejudicial since there was no jury to be influenced thereby and since the comment was consistent with the trial court's role as finder of the facts.

4. **Infants § 6.5— child custody—exclusion of prior acts of plaintiff and family**

Certain evidence concerning prior acts of plaintiff and plaintiff's family was properly excluded in a child custody proceeding on the ground of relevance.

APPEAL by defendants from *Christian, Judge.* Judgments entered 9 December 1981 and 21 December 1981. Heard in the Court of Appeals 22 April 1983.

Plaintiff instituted this action by filing a complaint on 25 August 1980 seeking custody of his minor child from defendants, the child's maternal grandparents. Defendants had been keeping and caring for the child since the death of their daughter, plaintiff's estranged wife, in August 1979.

The hearing on this matter was delayed until 14 July 1981 pending the outcome of defendants' attempt to have the child declared abandoned and adopt him, which was unsuccessful. On 14 July 1981, the District Court, Harnett County, entered a consent

order providing that primary custody of the child remain with defendants, subject to temporary custody and visitation rights in plaintiff-father. On 10 September 1981, defendants moved for modification of the 14 July 1981 order, requesting termination of plaintiff's visitation and temporary custody rights. On 25 September 1981, plaintiff moved the court to have defendants held in civil contempt for failure to comply with the 14 July 1981 order. The hearing in this matter took place over the course of several weeks: beginning on 23 November 1981, continuing on 30 November 1981, and ending on 14 December 1981.

On 9 December 1981, the court entered an order finding defendants in civil contempt for failure to comply with the 14 July 1981 Order and an order awarding temporary custody of the child to plaintiff, subject to visitation by defendants. On 21 December 1981, the court, after the hearing was concluded, entered an order containing the following findings of fact:

1. That subsequent to the order of Pope Lyon, Judge Presiding, dated July 16, 1981, the plaintiff has seen his child on occasions, has re-established a personal relationship with his minor child, has remarried, has established a new home with his present wife, and that his home surroundings and atmosphere are conducive to promoting the best interests of the minor child, and would not be detrimental to said child.

2. That plaintiff is gainfully employed, that his wife is gainfully employed, and that he has arranged for the minor child to stay with his mother, Mrs. Annie Smithwick, during the times that he and his wife are both working; that the plaintiff and his wife will both be home each evening, and do not work on weekends, thereby being able to give to the minor child full attention during the weekend period.

3. That Mrs. Annie Smithwick, paternal grandmother of the child, is an able-bodied person who lives in a clean home in the country, and that the surroundings are suitable for the rearing and keeping of a minor child, and that Mrs. Annie Smithwick has a close personal relationship with the minor child, and the best interest of the minor child would be enhanced if the said child were to stay with Mrs. Annie Smithwick during the periods of time his father and stepmother are working.

4. That the defendants have given to the minor child attention and care during the time that the child has lived with them.

5. That since the death of the mother of the minor child on August 10, 1980, the child has been residing with the defendants on a day to day basis, subject to the visitation rights of the plaintiff which have not been fully exercised by the plaintiff due to the actions of the defendants. However, the Court finds as a fact that during the time the minor child resided with the maternal grandparents excellent care was provided to the child including adequate clothing, a warm home, day care when necessary at the home of Mrs. Joyce Sharp, that the grandparents sought and provided for the medical needs of the minor and that because of providing the above material needs as well as providing for the emotional needs of the child that certain bonds of love and affection have developed between the minor child and the maternal grandparents. That due to this close attachment it is in the best interest of the child to continue an active relationship with the maternal grandparents.

6. That the defendants, by design, have deliberately attempted to keep the minor child, Christopher Shawn Smithwick, from the presence of his father, in order that they might have the complete and sole custody of the child, and have thereby twarted [sic] the rights of the father to see his child; that said actions on the part of the defendants has [sic] not been for the best interest of the minor child.

7. That the defendants have willfully failed to carry out the terms of the order of Judge Lyon dated July 16, 1981, in various particulars, have failed to carry out the order of this Court as relates to the visitation rights, and have deliberately and willfully violated the orders of this Court.

8. That the attitudes and actions of the defendants, and each of them, has not been conducive to the best interests of the child, and have, in fact, been detrimental to the welfare of the minor child.

9. That the plaintiff has attempted to obtain the custody of his child through legal procedures, has complied with the

orders of this Court relating to custody and visitation up to this time, but that the defendants have willfully failed to comply with the orders in many particulars. That the defendants have failed to cooperate with the plaintiff during the visitations of the plaintiff with his minor child, Christopher Shawn Smithwick, in that they have failed to be at the designated place at the times required, have failed to furnish to the plaintiff necessary and proper clothing for overnight visitations, and otherwise have attempted to defeat the rights of the father.

Based on these findings, the court made the following conclusions of law:

1. That the plaintiff is a fit and proper person to have the custody of his minor child, Christopher Shawn Smithwick.

2. That the defendants are the maternal grandparents of the minor child and have adequate facilities to care for the child and the desire to maintain their relationship with the child, and it would be in the best interest of the minor child to continue that relationship.

3. That the best interest of the minor child would be enhanced if the custody of the minor child were awarded to the father-plaintiff.

4. That the defendants, the maternal grandparents of the minor child, should have some reasonable visitation period with the minor child.

5. That the defendants are in willful contempt of the written order of Judge Pope Lyon dated July 16, 1981; that since the plaintiff, in open Court, advised the Court that he would not pursue his prayer for relief to have the defendants punished for contempt, and at the request of the plaintiff in this matter, the Court will not punish the defendants for their willful contempt of this Court.

Based on these conclusions, the trial court awarded permanent custody of the minor child to plaintiff, subject to visitation rights in defendants as set forth in the order. From the orders of 9 December 1981 and 21 December 1981, defendants appealed.

*Morgan, Bryan, Jones and Johnson, by Robert C. Bryan for plaintiff-appellee.*

*Bain and Capps, by Edgar R. Bain and Elaine F. Capps for defendant-appellants.*

HILL, Judge.

The 9 December 1981 Order, finding defendants in contempt, is challenged by defendants on the grounds that the court lacked jurisdiction under G.S. 5A-23 to consider the issue of contempt. The contempt order reserved punishment of defendants until final disposition of the child custody matter. In its 21 December 1981 order, disposing of the child custody matter, the court, at the request of the plaintiff, elected not to punish defendants for contempt. Since defendants suffered no injury or prejudice as a result of the contempt order, their exceptions thereto and assignment of error are moot and will not be considered by us.

The 9 December 1981 Order awarding temporary custody of the minor child to plaintiff is challenged by defendants on the grounds that the evidence does not support the findings of fact made by the trial court. Any objections that defendants may have had to this order, interlocutory on its face, were made moot by the 21 December 1981 Order awarding plaintiff permanent custody of his minor child. We therefore will not consider them.

We move now to a consideration of defendants' challenge to the trial court's Order of 21 December 1981. Defendants' several exceptions and assignments of error in this regard present the question of whether the trial court's findings of fact and conclusions of law are supported by competent evidence.

[1] Defendants first take issue with those portions of the trial court's findings of fact that the best interest of the child would be served by placing him in the custody of plaintiff-father. We note that defendants do not contest the sufficiency of the evidence to support the trial court's findings. Rather, defendants argue that certain countervailing evidence of record precludes the findings made.

In support of their argument, defendants refer us to the record and cite therein several instances of plaintiff's prior conduct. These instances involve plaintiff's criminal record of

shooting into a room occupied by his minor son, shooting into an automobile, and shoplifting. Defendants also cite an occasion when the child, after a visit with his father, allegedly was found to have marijuana seeds and a pipe in his pockets. At the hearing, plaintiff did not deny his criminal record, but did deny that he had ever had marijuana in the presence of his child.

Defendants correctly point out that issues of witness credibility are to be resolved by the trial judge. It is clear beyond the need for multiple citation that the trial judge, sitting without a jury, has discretion as finder of fact with respect to the weight and credibility that attaches to the evidence. *E.g.*, *Coble v. Coble*, 300 N.C. 708, 268 S.E. 2d 185 (1980). The findings of fact made by the trial court are regarded as conclusive on appeal if they are supported by competent evidence. *Swicegood v. Swicegood*, 270 N.C. 278, 154 S.E. 2d 324 (1967). In child custody cases, the paramount consideration of the court is the welfare of the child. *Williams v. Williams*, 18 N.C. App. 635, 197 S.E. 2d 629 (1973). The welfare of the child is the "polar star" that guides the court in the exercise of its discretion. *In re Moore*, 8 N.C. App. 251, 174 S.E. 2d 135 (1970). The trial court's judge's discretion with regard to the weight and credibility of the evidence is bolstered by its responsibility for the welfare of the child. In child custody cases, where the trial judge has the opportunity to see and hear the parties and witnesses, the trial court has broad discretion and its findings of fact are accorded considerable deference on appeal. *Id. Blackley v. Blackley*, 285 N.C. 358, 204 S.E. 2d 678 (1974). So long as the trial judge's findings of fact are supported by competent evidence, they should not be upset on appeal. *In re Moore, supra.*

Defendants contend that the favored status of the natural parent in child custody cases interfered with the court's judgment regarding the credibility of certain testimony by plaintiff to the point that the trial judge abused his discretion. Based on our reading of the record and of the "example" set forth in defendants' brief, this contention is patently groundless.

Moreover, defendants' argument appears to be premised in part on the theory that evidence of past acts tending to show plaintiff's unfitness as a parent precludes a finding of present fitness. While evidence of past acts is relevant, the court's primary concern, as noted above, is with the continuing welfare of

the child. "A judgment awarding custody is based upon the conditions found to exist at the time it is entered." *Stanback v. Stanback*, 266 N.C. 72 at 76, 145 S.E. 2d 332 at 335 (1965). This requires a prospective outlook by the court. In this regard, evidence of past acts is a factor to be considered, but is not necessarily dispositive. *Almond v. Almond*, 42 N.C. App. 658, 257 S.E. 2d 450 (1979). Here, while the evidence does not show that plaintiff has been "a paragon of fatherly love and care," *Thomas v. Thomas*, 259 N.C. 461 at 467, 130 S.E. 2d 871 at 876 (1963), it does support the court's findings of present fitness and we will not disturb them.

[2] Defendants next argue that there is not sufficient evidence to support the trial court's findings of fact regarding the physical accommodations at the home of Annie Smithwick, plaintiff's mother, where the child would be spending part of his time. Apparently contending that each finding of fact must be directly supported by competent record evidence, defendants have misconstrued the fact-finding function of the trial court. The trial court's role as a finder of fact was recently discussed by our Supreme Court in *Quick v. Quick*, 305 N.C. 446, 290 S.E. 2d 653 (1982):

> Rule 52(a) [requiring the trial court, when sitting without a jury, to make findings of fact] does not of course require the trial court to recite in its order all evidentiary facts presented at the hearing. The facts required to be found specially are those ultimate facts from which it can be determined whether the findings are supported by the evidence and whether they support the conclusions of law reached.

*Id.* at 451, 290 S.E. 2d at 657. In defining "ultimate facts," the Court relied on *Woodward v. Mordecai*, 234 N.C. 463, 67 S.E. 2d 639 (1951) where the Supreme Court said:

> Ultimate facts are those found in that vaguely defined area lying between evidential facts on the one side and conclusions of law on the other. [Citations.] In consequence, a line of demarcation between ultimate facts and legal conclusions is not easily drawn. [Citation.] An ultimate fact is the final resulting effect which is reached by processes of logical reasoning from the evidentiary facts. [Citations.]

*Id.* at 472, 67 S.E. 2d at 645.

Ultimate facts may be established by evidence that is direct and conclusive, requiring no more of the finder of fact than that it find the evidence credible. On the other hand, ultimate facts may depend on one or more circumstantial evidentiary facts which, even if wholly credible, would require the finder of fact to draw inferences therefrom in order to so find. Professor Brandis denominates such inferences "permissive presumptions." Brandis, N.C. Evidence § 215 (1982).

While there is no evidence that directly supports the trial court's findings of fact with respect to the physical accommodations at the home of Annie Smithwick, there are sufficient evidentiary facts from which to infer the ultimate facts found. Defendants' contention in this regard is therefore without substantial merit.

The remainder of defendants' exceptions and assignment of error that the trial court's findings of fact are not supported by competent evidence amounts to an attempt to reargue the evidence in the hope that this Court will substitute itself for the trial court and accept defendants' version of the evidence. *Beall v. Beall*, 26 N.C. App. 752, 217 S.E. 2d 98, *aff'd*, 290 N.C. 669, 228 S.E. 2d 407 (1976). This we will not do. "The trial court must itself determine what pertinent facts are actually established by the evidence before it and it is not for an appellate court to determine *de novo* the weight and credibility to be given to the evidence disclosed by the record on appeal." *Coble v. Coble*, 300 N.C. at 712-13, 268 S.E. 2d at 189. Our review of the record shows that the trial court's findings of fact are supported by competent evidence. Defendants fail to even allege that the trial court abused its discretion in making these findings or to show that the evidence supporting them is incompetent or insufficient. Absent proof of a clear abuse of discretion, we will not disturb these findings.

Defendants' remaining challenge to the 21 December 1981 Order is that the conclusions of law on which the order is based are not supported by the findings of fact. Defendants' arguments in this regard are essentially the same as those accompanying their exceptions to the findings of fact, to wit: that the evidence does not support the findings on which the conclusions are based. However, defendants fail to demonstrate that the conclusions of

Smithwick v. Frame

the trial court do not follow from the findings of fact. Inasmuch as we have found the findings of fact to be supported by the evidence, we also find that the conclusions drawn from those facts are sound and properly drawn. Defendants' contention in this regard is without merit.

Defendants' next assignments of error concern the manner in which the hearing was conducted by the trial judge. Defendants contend that the trial judge intimidated defendants and their witnesses and exhibited prejudice against defendants, thereby denying their right to a fair and impartial trial. As defendants do in their brief, we limit our discussion, though not our consideration, to those exceptions thought by defendants to be the most "flagrant" examples of intimidation or prejudice.

Exceptions 67 and 68 refer to a colloquy between the court, the attorneys, the parties, and spectators at the hearing. This colloquy occurred after the close of the first day of testimony and involved not the merits of the case, but an attempt to arrange visitation until the hearing could continue. We fail to see how the behavior excepted to is objectionable under the circumstances. Defendants' contention is without merit.

[3] Defendants' exception to the judge's comment on Mrs. Farmer's testimony, to wit: that she was lying, is rendered groundless by the absence of any jury to be influenced by it. The proscription against the expression of opinion by the trial judge does not attach in a trial without a jury. *Everett v. D.O. Briggs Lumber Co.,* 250 N.C. 688, 110 S.E. 2d 288 (1959). Moreover, the court's comment was admonitory, not accusatory, and consistent with the court's role as finder of fact. *Id.* We find this and defendants' remaining contentions in this regard to be without merit.

[4] Defendants next argue that the trial court improperly excluded certain evidence regarding prior acts of plaintiff and plaintiff's family members. Defendants contend that such evidence is relevant to the question of the child's best interest insofar as it relates to the custodial environment into which the child would be placed. Therefore, defendants argue, the evidence should have been admitted. For the reasons discussed above, evidence of past conduct is of limited concern of the court in matters of child custody. The primary concern being the welfare of the child, the court's judgment must be based on conditions that exist at the

time the judgment is rendered. *Stanback v. Stanback*, 266 N.C. 72, 145 S.E. 2d 332 (1965). The trial judge has discretion in determining the relevance and weight of certain evidence with regard to the prospective custodial environment. The questions disallowed by the court were objectionable on grounds of relevance, *inter alia*, and the evidence was properly excluded.

Defendants assign as error the trial judge's rulings on objections to certain questions and to the admission of certain testimony. We have considered defendants' arguments and exceptions, where the questions objected to are in the record, and find them to be without merit.

Defendants' final assignment of error, that the trial judge denied defendants' counsel the right to preserve the record on appeal, is without merit.

The Orders appealed from are affirmed.

Affirmed.

Judges JOHNSON and PHILLIPS concur.