CLARK ROBINSON WESTNEAT, Plaintiff-Appellee v. HEIDI MELISSA WESTNEAT, Defendant-Appellant

No. 9226DC943

(Filed 4 January 1994)

1. **Divorce and Separation § 353 (NCI4th)— child custody—findings supported by competent evidence**

    In a child custody proceeding in which primary custody was awarded to the father, the trial court's findings of fact were supported by competent evidence and should not be upset on appeal.

    **Am Jur 2d, Divorce and Separation §§ 974 et seq.**

2. **Divorce and Separation § 336 (NCI4th)— child custody—"tender years" doctrine no longer law**

    The "tender years" doctrine is no longer the law in North Carolina. N.C.G.S. § 50-13.2(a).

    **Am Jur 2d, Divorce and Separation § 976.**

**3. Divorce and Separation § 499 (NCI4th)— child custody— appropriate and convenient forum—order supported by proper findings and conclusion**

    The trial court's order that the State of North Carolina was the most appropriate and convenient forum for the trial of this child custody case was supported by proper findings of fact and conclusions of law and was appropriate.

**Am Jur 2d, Divorce and Separation §§ 963 et seq.**

Appeal by defendant from order entered 3 April 1992 by Judge Jane V. Harper in Mecklenburg County District Court. Heard in the Court of Appeals 9 July 1993.

*Casstevens, Hanner, Gunter & Gordon, P. A., by Robert P. Hanner II, and Elizabeth J. Caldwell, for plaintiff-appellee.*

*Harris, Mitchell & Hancox, by Ronnie M. Mitchell, and Kathleen G. Sumner, for defendant-appellant.*

JOHNSON, Judge.

Pertinent facts to this appeal are as follows: Plaintiff father and defendant mother met in 1983 and were married in 1986; Brian Graham Westneat (the child herein) was born on 27 August 1987. The family lived in Florida before moving to North Carolina in June of 1989. During the child's early years, plaintiff father stayed home and cared for the child, while defendant mother worked full time. In February of 1990, the child started attending day care, and plaintiff began working in a position as an insurance agent.

In 1990, defendant mother went to New Hampshire to interview for a job with G. H. Bass Company. The child went with her on this trip. Defendant was offered a position with the company and accepted it, informing plaintiff father that she did not want plaintiff to move with her to New Hampshire. After much discussion, plaintiff agreed that defendant could take the child with her. Plaintiff and defendant separated on 1 August 1990, and defendant and the child moved to New Hampshire. In August of 1990, defendant mother re-established a personal relationship with an old boyfriend, David Kukla, who was in New Hampshire.

On 13 August 1990, plaintiff father removed the child from New Hampshire and returned the child to North Carolina. The

child stayed with plaintiff until November of 1990, when the parties agreed to have the child return to defendant's home in New Hampshire, subject to certain conditions.

The weekend of 4 April 1991, plaintiff picked up the child from his day care in New Hampshire and brought him back to North Carolina. On 5 April 1991, plaintiff father filed a complaint for custody of the child in Mecklenburg County District Court. On 8 May 1991, defendant mother filed an action for child custody in New Hampshire and obtained an *ex parte* order allowing defendant temporary custody of the child. On 15 May 1991, defendant filed an answer and counterclaim for custody in Mecklenburg County District Court in addition to a motion that the North Carolina court decline jurisdiction.

By order entered on 25 June 1991, the Mecklenburg County District Court determined that the North Carolina court had jurisdiction and indicated that the North Carolina court would contact the New Hampshire court to determine if there was concurrent jurisdiction. On 5 August 1991, a further order was entered which provided that the New Hampshire court had been contacted and that the New Hampshire proceeding had been stayed pending resolution of the North Carolina action. In the order, the court noted that it would consider affidavits to determine the issue of convenient forum. On 23 August 1991, an order was entered, concluding that North Carolina was the most appropriate and convenient forum and denying defendant mother's motion to decline jurisdiction.

On 8 January 1992, plaintiff father filed a motion requesting that defendant mother allow him temporary visitation privileges pending a final disposition of the custody case. On 13 January 1992, order was entered granting plaintiff father's motion and awarding temporary visitation. A hearing was held on the custody issue from 11 February 1992 until 13 February 1992. On 23 April 1992, an order was entered awarding plaintiff primary care, custody and control of the child. From that order, defendant appeals to this Court.

[1] The first issue defendant raises on appeal is that the trial court erred in failing to find facts and to reach appropriate conclusions of law regarding the best interest of the child when it entered and signed the child custody order awarding the father primary care, custody and control of the minor child born of the marriage. Defendant further argues that a child custody decree which is

not supported by proper findings and conclusions of law which awards primary care, custody and control of a minor child to one of the parties but is not supported by competent evidence should be reversed.

We note:

> It is clear beyond the need for multiple citation that the trial judge, sitting without a jury, has discretion as finder of fact with respect to the weight and credibility that attaches to the evidence. *E.g., Coble v. Coble*, 300 N.C. 708, 268 S.E.2d 185 (1980). The findings of fact made by the trial court are regarded as conclusive on appeal if they are supported by competent evidence. *Swicegood v. Swicegood*, 270 N.C. 278, 154 S.E.2d 324 (1967). In child custody cases, the paramount consideration of the court is the welfare of the child. *Williams v. Williams*, 18 N.C. App. 635, 197 S.E.2d 629 (1973). The welfare of the child is the "polar star" that guides the court in the exercise of its discretion. *In re Moore*, 8 N.C. App. 251, 174 S.E.2d 135 (1970). The trial court's judge's discretion with regard to the weight and credibility of the evidence is bolstered by its responsibility for the welfare of the child. In child custody cases, where the trial judge has the opportunity to see and hear the parties and witnesses, the trial court has broad discretion and its findings of fact are accorded considerable deference on appeal. *Id. Blackley v. Blackley*, 285 N.C. 358, 204 S.E.2d 678 (1974). So long as the trial judge's findings of fact are supported by competent evidence, they should not be upset on appeal. *In re Moore, supra.*

*Smithwick v. Frame*, 62 N.C. App. 387, 392, 303 S.E.2d 217, 221 (1983). Defendant argues that several findings were conclusory in nature. We have reviewed defendant's contentions and find them to be without merit. Based on our review of the record, we find the trial judge's findings of fact are supported by competent evidence and should not be upset on appeal.

Our Supreme Court in *Quick v. Quick*, 305 N.C. 446, 451, 290 S.E.2d 653, 657 (1982) stated:

> [Requiring the trial court, when sitting without a jury, to make findings of fact] does not, of course, require the trial court to recite in its order all evidentiary facts presented at hearing. The facts required to be found specially are those material

and ultimate facts from which it can be determined whether the findings are supported by the evidence and whether they support the conclusions of law reached.

The Court defined "ultimate facts" as set out in *Woodward v. Mordecai*, 234 N.C. 463, 67 S.E.2d 639 (1951):

> Ultimate facts are those found in that vaguely defined area lying between evidential facts on the one side and conclusions of law on the other. In consequence, the line of demarcation between ultimate facts and legal conclusions is not easily drawn. An ultimate fact is the final resulting effect which is reached by processes of logical reasoning from the evidentiary facts. (Citations omitted.)

*Woodward*, 234 N.C. at 472, 67 S.E.2d at 645. We find that in the testimony presented, there were sufficient evidentiary facts from which to infer the ultimate facts found.

Defendant further argues that "the effect of the decree is to invoke a penalty upon the parent who had previously been the primary caretaker, the nurturing parent, and the person from whom custody should not be taken, absent some compelling evidence demonstrating sufficient reasons capsuled in the court's findings of ultimate fact and conclusions of law." We note once again that under North Carolina law, "the trial judge is entrusted with the delicate and difficult task of choosing an environment which will, in [the judge's] judgment, best encourage full development of the child's physical, mental, emotional, moral and spiritual faculties." *In re Peal*, 305 N.C. 640, 645, 290 S.E.2d 664, 667 (1982). We find that the trial judge has properly performed this task.

[2] We make reference to defendant's cite to *In re Kowalzek*, 37 N.C. App. 364, 367, 246 S.E.2d 45, 47, *disc. review denied and appeal dismissed by* 295 N.C. 734, 248 S.E.2d 863 (1978) ("It is universally recognized that the mother is the natural custodian of her young . . . If she is a fit and proper person to have the custody of the children, other things being equal, the mother should be given their custody[.]") This "tender years" doctrine is no longer the law in North Carolina. *See* North Carolina General Statutes § 50-13.2(a) (1987) ("Between the mother and father, whether natural or adoptive, no presumption shall apply as to who will better promote the interest and welfare of the child.")

[3] Defendant next argues the trial court erred when it failed to determine that New Hampshire was the more appropriate forum and therefore denied defendant's motion requesting the North Carolina court to decline jurisdiction. We are unpersuaded by defendant's argument.

The trial court, in determining which state was the most appropriate forum, made the following pertinent findings of fact:

1. On June 25, 1991, the Court entered an Order in this action after the presentation of evidence and argument of counsel which provided in pertinent part:

a. North Carolina had jurisdiction for purposes of a custody determination pursuant to North Carolina General Statutes § 50A-3(a)(1)(i)(ii) and that this State is the home state of the minor child at the time . . . of the commencement of the North Carolina action.

. . .

5. The Court finds that Plaintiff, Defendant and the minor child resided in Mecklenburg County, North Carolina, from on or about June 1, 1989, until on or about June 24, 1990, when the parties separated and the Defendant moved to the State of New Hampshire.

6. As between the States of North Carolina and New Hampshire, North Carolina is the only state where the parties and the minor child have lived as a family unit.

7. Although there are a number of witnesses Defendant may call that reside in New Hampshire that can testify about the present care, supervision and control of the minor child, there are numerous other witnesses who reside in the State of North Carolina who are in a position to testify about the qualifications of the parties and the care, custody and control of the minor child while all concerned lived as a family unit in the State of North Carolina.

8. The Court therefore finds that North Carolina is the more convenient forum for the determination of the custody issues raised in this case.

We find the district court's order that the state of North Carolina was the most appropriate and convenient forum for the

trial of this case was supported by proper findings of fact and conclusions of law and was appropriate. Defendant's motion was properly denied.

Defendant's final argument is that "the grandfather of a child, subject to a child custody proceeding, may testify, as a physician to the child's hearsay statement, as to child abuse, where the grandfather-physician recommended that the child be examined by another doctor[.]"

We direct defendant's attention to N.C.R. App. P. 10(c), which reads in pertinent part:

> An assignment of error is sufficient if it directs the attention of the appellate court to the particular error about which the question is made, with clear and specific record or transcript references. Questions made as to several issues or findings relating to one ground of recovery or defense may be combined in one assignment of error, if separate record or transcript references are made.

We observe the assignments of error as to this argument do not direct our Court "to the particular error about which the question is made." Further, we cannot discern from the argument or from the body of the argument exactly what is being argued. For failure to comply with N.C.R. App. P. 10(c), we dismiss this argument.

The decision of the trial court is affirmed.

Judges WYNN and JOHN concur.