GLENN M. WALKER, Plaintiff
v.
STACEY R. HAMER, Defendant
No. COA05-556
North Carolina Court of Appeals
Filed February 7, 2006
This case not for publication
Forsyth County No. 00 CVD 3988.
Glenn M. Walker, plaintiff-appellee, pro se.
White and Crumpler, by Laurie A. Kelly, for defendant-appellant.
HUNTER, Judge.
Stacey R. Hamer ("defendant") appeals from a contempt order entered 26 January 2005. For the reasons stated herein, we affirm the order.
Defendant and Glenn M. Walker ("plaintiff") are the parents of A.G.W. Defendant and plaintiff did not marry, but an order was entered 21 November 2000 establishing paternity and granting joint legal custody to the parties. Defendant was granted primary residential custody and plaintiff was granted secondary residential custody with liberal visitation.
Defendant and plaintiff lived in different parts of North Carolina. In an order entered 13 February 2004, the trial court directed that the parties meet at Exit 281 on Interstate 40, half-way between their respective residences, to exchange A.G.W. for visitation every other weekend at 5:30 p.m. Plaintiff made a show cause motion to hold defendant in contempt on 23 September 2004 for defendant's failure to comply with the visitation schedule on several occasions.
In an order entered 26 January 2005, the trial court held defendant in civil contempt for failure to comply with the 13 February 2004 order by denying defendant visitation with A.G.W. The trial court also ordered that:
1. Defendant shall purge herself of contempt by paying $675.00 toward plaintiff's attorney fees on or before 20 December 2004.
. . .
3. Should the Court find during this six-month period that defendant has committed an additional act of contempt, such will be grounds for primary physical custody of [A.G.W.] to go to his father.
Defendant appeals from this order.

I.
Defendant first contends that the trial court's order that a finding of an additional act of contempt in the six months following the entry of the order would be grounds for a change of custody is error. We find this issue to be moot.
In Smithwick v. Frame, 62 N.C. App. 387, 391, 303 S.E.2d 217, 220 (1983), this Court addressed a challenge to a contempt order reserving punishment for the defendants until final disposition of the child custody matter. The trial court elected not to punish defendants when the final disposition of the custody order was entered. Id. As the defendants "suffered no injury or prejudice as a result of the contempt order," the trial court found the assignments of error to be moot. Id.
Similarly here, no finding was made during the now expired six-month period following the entry of the order that defendant had committed an additional act of contempt. As defendant suffered no injury or prejudice, we find that defendant's related assignments of error regarding change of custody are moot.
We further note that defendant moved to withdraw related assignments of error as to venue and jurisdiction and this motion has been granted. We therefore do not address these assignments of error.

II.
Defendant finally contends that the trial court may not order her to pay plaintiff's attorney fees to purge herself of contempt without further findings that plaintiff acted in good faith and had insufficient means to defray the costs of the action. We disagree.
N.C. Gen. Stat. § 50-13.6 (2003) states in pertinent part that:
In an action or proceeding for the custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody or support, or both, the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit.
Id. However, "[t]he court is vested with broad power when it is authorized to punish 'as for contempt.'" Blair v. Blair, 8 N.C. App. 61, 63, 173 S.E.2d 513, 514 (1970) (citations omitted). Included in such broad power is "the authority for a district court judge to require one whom he has found in wilful contempt of court for failure to comply with a child [custody] order entered pursuant to G.S. 50-13.1, et seq., to pay reasonable counsel fees to opposing counsel as a condition to being purged of contempt." Id. Here, the trial court ordered defendant to pay a portion of plaintiff's attorney's fees as a punishment in making it a condition to be purged of contempt, rather than a discretionary award pursuant to N.C. Gen. Stat. § 50-13.6. Therefore, findings as to plaintiff's good faith and insufficient means were unnecessary. We find the trial court did not err in its order.
As the trial court did not err in its order that defendant pay a portion of plaintiff's attorney's fee as a condition to purge herself of contempt, and as defendant's other assignments of error are moot or have been withdrawn by defendant's own motion, we affirm the trial court's order of contempt.
Affirmed.
Judges McCULLOUGH and GEER concur.
Report per Rule 30(e).