ROSALIE DEAN GRANDY, Plaintiff,
v.
IRVIN LEE MIDGETT, Defendant.
No. COA07-1332.
Court of Appeals of North Carolina
Filed June 17, 2008
This case not for publication
Gailor Wallis & Hunt, PLLC, by Kimberly A. Wallis and Jaime H. Davis, for plaintiff-appellant.
Alridge, Seawell, Spence & Felthousen, LLP, by W. Mark Spence, for defendant-appellee.
STEELMAN, Judge.
Where the trial court's findings of fact are supported by competent evidence, and the findings support the court's conclusions of law, the trial court did not err in entering an order awarding custody of the minor child to defendant. Where the temporary custody orders entered by the trial court are interlocutory, plaintiff's objections to such orders are rendered moot by the entry of the final custody order.

I. Factual and Procedural Background
Rosalie Dean Grandy (plaintiff) and Irvin Lee Midgett (defendant) were married on 4 February 1999. The couple's childwas born on 12 July 1999. On 2 March 2005 Judge Amber Davis entered a consent custody order awarding custody of the child to plaintiff and granting visitation with the child to defendant. Plaintiff moved to Las Vegas with the minor child. Defendant filed a motion to modify the custody order based upon substantial changes in circumstances, and on 2 September 2005 Judge Davis entered an order which provided for the parties to have joint custody of the child if plaintiff chose to remain in Las Vegas. The order further provided that, if plaintiff returned to North Carolina, the provisions of the prior consent custody order would remain in full force and effect.
On 6 June 2006, defendant filed a second motion to modify custody on the grounds that plaintiff made allegations to the Currituck County Department of Social Services ("DSS") that defendant sexually abused the minor child, instigating an investigation by DSS. Defendant further alleged that plaintiff refused to allow defendant visitation with the minor child in violation of the custody orders. On 13 June 2006, defendant filed a motion for an immediate ex parte custody order on the grounds that plaintiff had denied him visitation and communication with the minor child for five weeks. On 16 June 2006, Judge Davis entered a temporary custody order placing custody of the child with defendant and granting plaintiff visitation. A hearing was scheduled for 24 July 2006.
On 11 July 2006, plaintiff and defendant entered into a consent order requiring them to submit to a psychologicalassessment by Dr. Thomas Durham. On 12 July 2006, plaintiff filed a motion to continue the hearing scheduled for 24 July 2006. On that same date, Judge Davis entered an order changing custody from defendant to plaintiff and reinstating the visitation schedule for defendant as set forth in the prior custody order.
On 13 July 2006, defendant filed a second ex parte motion for temporary modification of the 16 June 2006 custody order on the grounds that the minor child would suffer emotional abuse if he remained with plaintiff prior to the complete psychological assessment. On 17 July 2006, a temporary order was entered awarding defendant custody of the minor child pending a hearing on 31 July 2006. This hearing was continued upon plaintiff's request to 28 August 2006.
On 30 August 2006, the court entered a consent order granting plaintiff supervised visitations and setting a further hearing for 23 October 2006. Plaintiff filed a motion for emergency custody on 4 October 2006. On 30 October 2006, an order denying plaintiff's motion for emergency custody was filed. A trial on the matter was held on 7 and 8 December 2006, and Judge Davis entered an order on 19 February 2007, awarding custody of the minor child to defendant, subject to visitation by plaintiff.
Plaintiff appealed the trial court's custody orders on 22 March 2007. This appeal was dismissed as untimely filed. On 12 July 2007, this Court granted plaintiff's petition for writ of certiorari to review the custody orders entered 19 February 2007,30 October 2006, 1 August 2006, 30 August 2006, 17 July 2006, 12 July 2006, and 16 June 2006.

II. Child Custody Order
In her first argument, plaintiff contends that the trial court erred in awarding custody of the child to defendant on the grounds that the court failed to resolve the issue of defendant's alleged sexual abuse of the minor child and improperly delegated its fact-finding duty by incorporating the reports of various experts in certain findings of fact. Plaintiff further contends that the court's findings of fact are not supported by competent evidence and the findings do not support the conclusions of law. We disagree.

A. Resolution of Allegations of Sexual Abuse
N.C. Gen. Stat. . 50-13.2 directs the trial court to consider, in determining the custody of a minor child, "all relevant factors including acts of domestic violence between the parties, the safety of the child, and the safety of either party from domestic violence by the other party and shall make findings accordingly." N.C. Gen. Stat. . 50-13.2(a) (2007). "[T]he findings in a custody order `bearing on the party's fitness to have care, custody, and control of the child and the findings as to the best interests of the child must resolve all questions raised by the evidence pertaining thereto.'" Dixon v. Dixon, 67 N.C. App. 73, 78, 312 S.E.2d 669, 672 (1984) (citing In re Kowalzek, 37 N.C. App. 364, 370, 246 S.E.2d 45, 48 (1978)). Further, "issues of witness credibility are to be resolved by the trial judge. . . . the trial judge, sittingwithout a jury, has discretion as finder of fact with respect to the weight and credibility that attaches to the evidence." Smithwick v. Frame, 62 N.C. App. 387, 392, 303 S.E.2d 217, 221 (1983) (citation omitted).
The trial court made the following findings relating to plaintiff's allegations of sexual abuse:
6. Plaintiff took the minor child to Dr. Dorothy Rosenke for evaluation and treatment resulting in a referral by Dr. Rosenke to [DSS] for investigation of potential sexual abuse as a result of what Plaintiff told her.
7. [DSS] and, in particular, Social Worker Wendy Meadows met with [plaintiff] and the minor child herein. Ms. Meadows was informed that [plaintiff] felt that the child was being sexually abused while in Defendant's care . . . Wendy Meadows interviewed the minor child and could elicit no evidence corroborating or suggesting any misconduct by [defendant] or [defendant's son].
8. Similar allegations of potential sexual abuse have been made by the Plaintiff for a period of approximately three years. None have been substantiated.
. . .
11. [The minor child] . . . was subjected to a forensic interview by Sally McAdams at TEDI BEAR Children's Advocacy Center in Greenville, North Carolina and was also physically examined by a medical doctor. [The minor child] made no disclosures during that forensic interview which would indicate any sexual abuse. The physical examination revealed no evidence of any sexual abuse whatsoever and certainly not the type of physical evidence one would expect if a child had been abused in the manner in which [plaintiff] contends that his comments to her have suggested.
12. [The minor child] herein has made no statements of any kind, evidencing any direct sexual abuse or any inappropriate conduct whatsoever to anyone except to the Plaintiff causing the Court to question her credibility.
. . .
20. Several witnesses from the Rodanthe area, who are in the presence of [the minor child] and Defendant on a regular basis, testified . . . that no person has observed the minor child engaged in any abnormal conduct or inappropriate sexual acting out while in the custody and control of [defendant] . . . .
25. . . . [the minor child] had been taken for counseling by the Plaintiff to Kathy Burrus, LCSW and Kames [sic] Kronlage, LCSW. [The minor child] made no disclosure to either of them as to any abuse.
. . .
28. While Ida Rogers [a Social Worker with the Kids First Program in Elizabeth City] did not conduct a forensic interview of [the minor child], during the nine (9) sessions she has met with [the minor child], he has made no disclosure of any inappropriate touching and when they discussed good touch, bad touch counseling theories, he was "quite clear" in his understanding of what an appropriate touching would be.
These findings of fact do constitute a determination by the trial court that no sexual abuse had been perpetrated on the child by defendant or defendant's son from a previous marriage.
We hold that the trial court properly evaluated all evidence regarding the alleged sexual abuse to the minor child and determined that there was no merit to plaintiff's allegations. See Smithwick. This argument is without merit.

B. Delegation of Fact-Finding Duty
Plaintiff next argues that the trial court improperly delegated its fact-finding duty by incorporating the reports of experts into findings of fact 14, 15, and 16.
In all actions tried upon the facts without a jury . . . the court shall find the facts specifically and state separately its conclusions of law thereon . . . . Thus, the trial court must, through processes of logical reasoning, based on the evidentiary facts before it, find the ultimate facts essential to support the conclusions of law. The resulting findings of fact must be sufficiently specific to enable an appellate court to review the decision and test the correctness of the judgment.
In re J.S., 165 N.C. App. 509, 510-11, 598 S.E.2d 658, 660 (2004) (internal citations and quotations omitted).
Plaintiff relies on In re J.S. to support her argument that the trial court improperly incorporated expert reports into its findings of fact and therefore delegated its fact-finding duty. In J.S., this Court held that "a cursory two page order [that] . . . did not incorporate any prior orders or findings of fact from those orders . . . [and] [i]nstead . . . incorporated a court report from DSS and a mental health report . . . as a finding of fact" was insufficient to permit meaningful appellate review. Id.
The instant case is distinguishable from J.S. Although the court accepted the doctors' diagnoses and incorporated their reports, the court also made its own findings regarding plaintiff's emotional abuse of the child and the lack of evidence of sexual abuse to the minor child. The 19 February 2007 custody order entered by Judge Davis was nine pages in length and contained athorough and comprehensive analysis of the issues of this case. The court's findings were sufficient to address the central issue of the case, even without reference to the doctors' reports.
We hold that the trial court engaged in a process of logical reasoning and found facts which support its conclusion. See In re J.S. at 511, 598 S.E.2d at 660. We further hold that these findings are sufficient to allow meaningful appellate review. See id. This argument is without merit.

C. Findings of Fact Supported by the Evidence
Plaintiff next argues that findings of fact 7, 11, 12, 14, 15, 20, 31 and 33 are not supported by the evidence. Plaintiff's argument is that the record contains evidence which could be perceived as contrary to the court's findings, and therefore the trial court's findings are not supported by competent evidence.
"Facts found by the judge are binding upon this court if they are supported by any competent evidence notwithstanding the fact that the appellant has offered evidence to the contrary." Williams v. Williams, 261 N.C. 48, 56, 134 S.E.2d 227, 233 (1964) (citations omitted).
In child custody cases, where the trial judge has the opportunity to see and hear the parties and witnesses, the trial court has broad discretion and its findings of fact are accorded considerable deference on appeal. So long as the trial judge's findings of fact are supported by competent evidence, they should not be upset on appeal.
Smithwick at 392, 303 S.E.2d at 221 (internal citations omitted).
Plaintiff does not argue that the trial court's findings of fact are not supported by competent evidence, and "the findings ofthe trial judge regarding custody and support are conclusive when supported by competent evidence . . . even when the evidence is conflicting[.]" Dixon at 76, 312 S.E.2d at 671-72.
In findings of fact 31 and 33, the trial court found that plaintiff's conduct resulted in emotional harm to the minor child, and that plaintiff was not a fit and proper person to have custody of the child. These two findings are ultimate findings by the trial court, and are supported by the evidence and other findings. See Smithwick at 393-94, 303 S.E.2d at 221-22. This argument is without merit.
Although plaintiff assigned error to various other findings of fact, she has failed to argue them in her brief on appeal. In accordance with N.C. R. App. P. 28(a), (b)(6) (2008), these findings are binding on this Court.

D. Findings of Fact Support the Conclusions of Law
Plaintiff argues that "[a]fter removing from the Order the findings of fact that are not supported by competent evidence, the remaining findings of fact do not support the conclusion of law reached by the trial court . . ." We disagree.
As previously discussed, the trial court's findings of fact are supported by competent evidence. We further hold that the findings of fact support the trial court's conclusions of law that there had been a substantial change of circumstances affecting the minor child and that it was in the best interest of the child that custody be awarded to defendant. This argument is without merit.

III. Temporary Custody Orders
In her second argument, plaintiff contends the trial court erred by entering the 16 June and 17 July 2006 ex parte temporary custody orders without notice to plaintiff, without any opportunity to contest the evidence against her or to offer evidence in explanation or rebuttal, and without the requisite statutory findings. We disagree.

A. Interlocutory Orders
The first issue we address is whether plaintiff's objections to the temporary orders are moot in light of the entry of a final custody order.
An interlocutory order is one that does not determine the issues, but directs some further proceeding preliminary to a final decree. Normally, a temporary child custody order is interlocutory and does not affect any substantial right . . . which cannot be protected by timely appeal from the trial court's ultimate disposition . . . on the merits. Temporary custody orders resolve the issue of a party's right to custody pending the resolution of a claim for permanent custody.
Brewer v. Brewer, 139 N.C. App. 222, 227-28, 533 S.E.2d 541, 546 (2000) (internal citations and quotations omitted). Although temporary custody orders are typically interlocutory, a party may still appeal from these orders unless the trial court "(1) stated a clear and specific reconvening time in the order; and (2) the time interval between the two hearings was reasonably brief." Id. (citation omitted).
In the instant case, each of the temporary custody orders specified a future hearing date. The 16 June 2006 order statedthat the child was placed in the custody of defendant "pending hearing on the Motions previously scheduled during the July 24th term of the Dare County Civil District Court." The matter was in fact heard on 26 June 2006. On 11 July 2006, pursuant to plaintiff's motion to continue the matter, the court entered an order in which the parties consented to the orders remaining in effect pending a psychological evaluation. Pursuant to the court's order dated 12 July 2006, custody of the child was returned to plaintiff.
On 13 July 2006, defendant filed a second ex parte motion for modification of the custody order. The 17 July 2006 order placed custody of the child with defendant and ordered the matter "set for further consideration on July 31, 2006 at 9:30 a.m. . . ."
Both of the temporary orders at issue here stated a clear and specific reconvening time. Further, the time interval between hearings was brief. See Brewer at 228, 533 S.E.2d at 546.
We hold that the temporary orders were interlocutory, and objections to these orders were rendered moot by the 19 February 2007 custody order. See Smithwick at 391, 303 S.E.2d at 220 (Defendants' objections to a temporary custody order were rendered moot by the entry of the subsequent permanent custody order.). We further note that the parties entered into a consent order continuing the temporary orders in effect and providing a detailed schedule of visitation for plaintiff pending a hearing.
A consent judgment is not only a judgment of the court but is also a contract between the parties and "it cannot be amended without showing fraud or mutual mistake, which showingmust be by a separate action, or by showing the judgment as signed was not consented to by a party, which showing may be by motion in the cause."
Buckingham v. Buckingham, 134 N.C. App. 82, 88, 516 S.E.2d 869, 874 (1999) (quoting Cox v. Cox, 43 N.C. App. 518, 519, 259 S.E.2d 400, 401-02 (1979)). Plaintiff's consent to the temporary consent order also renders her objections to that order moot.
We further note that plaintiff is unable to demonstrate any prejudice whatsoever arising from the entry of such temporary orders. This argument is without merit.
Plaintiff failed to argue her remaining assignments of error in her brief and they are deemed abandoned. See N.C.R. App. P. 28(b)(6) (2008).
AFFIRMED.
Judges MCCULLOUGH and ARROWOOD concur.
Report per Rule 30(e).